# EXHIBIT 1

<u>**SETTLEMENT AGREEMENT AND RELEASE**</u>

This Settlement Agreement and Release ("Settlement Agreement" or "Agreement") is entered into by and between Plaintiffs Amanda Perez, Sasha Lipp, James Murray, Michael Halpren and Elijah Johnson, individually and on behalf of Participating Settlement Class Members (as defined in Paragraph 1.31) (together, "Plaifntiffs"), and (2) Defendant Carvin Wilson Software, LLC d/b/a Carvin Software, LLC ("Defendant") (collectively, the "Parties"), in the consolidated action styled *Perez, et al. v. Carvin Wilson Software, LLC*, docket number CV-23-00792, pending in the U.S. District Court for the District of Arizona (the "Action").

<u>**RECITALS**</u>

**WHEREAS**, between May 8, 2023 and May 15, 2023, five (5) proposed class action lawsuits were filed against Defendant in the U.S. District Court for the District of Arizona, bearing docket numbers 2:23-CV-00792, 2:23-CV-00824, 2:23-CV-00808, 2:23-CV-00845, 2:23-CV—00828 ("AZ Actions"), relating to a data breach affecting Defendant that occurred between February 22, 2023 and March 9, 2023, potentially involving certain Personal Information of current and former employees of Defendant's customers (the "Data Breach");

**WHEREAS**, on or about May 15, 2023, Plaintiff Sasha Lipp filed a proposed class action lawsuit against Defendant in the U.S. District Court for the Central District of California against Defendant relating to the Data Breach, which was voluntarily dismissed without prejudice on August 14, 2023;

**WHEREAS**, on June 28, 2023, the Court entered an Order consolidating the AZ Actions under docket number CV-23-00792 in the U.S. District Court for the District of Arizona, and appointing the following individuals (and their respective firms) as interim class counsel pursuant to Federal Rules of Civil Procedure Rule 23(g) on behalf of Plaintiffs and the putative Class: (i) A. Brooke Murphy of Murphy Law Firm; (ii) William B. Federman of Federman & Sherwood; and (iii) Mason A. Barney of Siri & Glimstad LLP (collectively, "Interim Lead Class Counsel"), and Perez Hesano of Perez Law Group, PLLC as interim liaison class Counsel. (Doc. 8)[1].

**WHEREAS**, on July 5, 2023 the Court entered an Order directing Plaintiffs to file a consolidated complaint in the Action. (Doc. 16).

---

[1] All docket entry citations herein refer to the Action.

**WHEREAS**, on August 4, 2023, Plaintiffs filed a Consolidated Class Action Complaint against Defendant relating to the Data Breach. (Doc. 16).

**WHEREAS**, Defendant denies: (a) each and every allegation and all liability with respect to any and all facts and claims which were or could have been alleged in the Action; (b) that the Data Breach was caused or contributed to by any act or omission of Defendant; (c) that the Class Representatives in the Action and the class they purport to represent have suffered any injury or damage and that any alleged injury or damage was caused by the Data Breach or any other act or omission of Defendant; and (d) that the Action satisfies the requirements to be certified or tried as a class action under the Federal Rules of Civil Procedure Rule 23;

**WHEREAS**, the Parties agreed to engage Christopher L. Griffin, Esquire of Griffin Mediation LLC as a mediator to oversee settlement negotiations in the Action. In advance of formal mediation, Defendant produced informal discovery related to the Data Breach and its financial status and the Parties provided their respective positions on the merits of the claims and class certification;

**WHEREAS**, following extensive arm's length settlement negotiations, conducted through Christopher L. Griffin, Esquire that included a mediation session on January 12, 2024, the Parties reached an agreement on the essential terms of a settlement, resulting in this Agreement, subject to the final approval of the Court;

**WHEREAS,** Interim Lead Class Counsel, having conducted an investigation of the facts and the law regarding the Action, considers the settlement set forth herein to be fair, reasonable, adequate and in the best interests of Plaintiffs, and determined that it is in the best interests of Plaintiffs to enter into this Settlement Agreement to avoid the uncertainties of complex litigation and to assure a benefit to the Settlement Class;

**WHEREAS,** Defendant, while continuing to deny that it committed any wrongful act or that is liable for the claims asserted against it in the Action and believing that it has strong and meritorious defenses thereto, and without any admission of liability, has nevertheless agreed to enter into this Settlement Agreement to avoid further expense, inconvenience, and distraction of burdensome and protracted litigation, thereby putting this controversy to rest and avoiding the risks inherent in complex litigation;

**WHEREAS,** Plaintiffs and Defendant agree that neither this Settlement Agreement nor any statement made in negotiation thereof shall be deemed or construed to be an admission or

evidence by Defendant of any violation of any law, duty, contract, or statute; of any liability or wrongdoing by Defendant; or of the truth of any of the claims or allegations in the Action, and that neither this Settlement Agreement nor any statement made in negotiation thereof may be used or offered in any proceeding for any purpose, except to enforce the terms of the Settlement;

**WHEREAS**, this Settlement Agreement is intended to fully, finally and forever resolve all claims and causes of action asserted or that could have been asserted based upon the Data Breach and/or the facts alleged in the Action, against Defendants and the Released Parties, by and on behalf of Plaintiffs.

**NOW, THEREFORE,** in exchange for the mutual promises and valuable consideration provided for in this Agreement, and without any admission or concession by either Party, Plaintiffs Amanda Perez, Sasha Lipp, James Murray, Michael Halpren and Elijah Johnson, individually and on behalf of Participating Settlement Class Members, and Defendant agree that the Action and Released Claims be settled, compromised, and dismissed on the merits and with prejudice as to Defendant and the Released Parties and without costs except as provided herein, subject to the approval of the Court, on the following terms and conditions:

## I.   <u>DEFINITIONS</u>

In addition to terms defined at various points within this Agreement, the following defined terms shall have the meanings set forth below:

1.1.   "Action" means the consolidated action styled *Perez, et al. v. Carvin Wilson Software, LLC*, docket number CV-23-00792, pending in the U.S. District Court for the District of Arizona.

1.2.   "Approved Claim(s)" means an individual Claim or all Claims for Identity Theft and Credit Monitoring Services, reimbursement for Out-of-Pocket Losses, and/or reimbursement for Attested Time that has or have been approved and validated by the Settlement Administrator as set forth in Section IV.

1.3.   "Agreement" or "Settlement Agreement" means this Settlement Agreement and the Release herein, together with any appendices and exhibits attached hereto, which are incorporated herein by reference.

1.4.   "Attested Time" means attested to time spent by a Settlement Class Member remedying issues related to the Data Breach, as provided in Section III of this Agreement.

1.5.    "Attorneys' Costs, Fees and Expenses" means any and all attorneys' costs, fees and expenses related to this Action, the Settlement and/or Data Breach.

1.6.    "Business Days" means Monday through Friday, unless such day is a Court holiday or recess.

1.7.    "Claim Form" means the form(s) Participating Settlement Class Members must submit to claim and be eligible for Settlement Relief under the terms of the Settlement, which is attached hereto as **Exhibit A**.

1.8.    "Claim(s)" means an individual claim or all claims by a Participating Settlement Class Member for Settlement Relief via the submission of a Claim Form as provided for in Section III.

1.9.    "Claims Deadline" means the last day to submit a timely Claim Form, which will occur sixty (60) days from the Notice Deadline.

1.10.    "Claims Period" means the period of time during which Participating Settlement Class Members may submit a Claim Form to receive Settlement Relief under this Agreement, which will end on the Claims Deadline.

1.11.    "Class Counsel" means (i) A. Brooke Murphy with the law firm of Murphy Law Firm; (ii) William B. Federman with the law firm of Federman & Sherwood; and (iii) Mason A. Barney with the law firm of Siri & Glimstad LLP.

1.12.    "Class Representative(s)" means one or all of the named Plaintiffs Amanda Perez, Sasha Lipp, James Murray, Michael Halpren and Elijah Johnson.

1.13.    "Court" means the Honorable Stephen M. McNamee in the U.S. District Court for the District of Arizona, or such other judge to whom the Action may hereafter be assigned.

1.14.    "Data Breach" means the data breach affecting Defendant that occurred between February 22, 2023 and March 9, 2023, potentially involving Personal Information of current and former employees of Defendant's customers.

1.15.   "Defendant" means the Defendant Carvin Wilson Software, LLC d/b/a Carvin Software, LLC named in the Action, who is a party to the Settlement Agreement, and includes Carvin Wilson Software, LLC, as well as any successor entities.

1.16.   "Defendant's Counsel" means Freeman Mathis & Gary, LLP.

1.17.   "Effective Date" means one (1) Business Day after all the following conditions have been satisfied: (a) the Final Approval Order and Judgment has been entered in the Action; and (b)(i) the time for the filing of any motion, notice, request, or other application for reconsideration, appeal, rehearing, and/or other review of the Final Approval Order and Judgment has expired and no motion, notice, request, or other application for reconsideration, appeal, rehearing, and/or other review has been filed; or (b)(ii) if a motion, notice, request, or other application for reconsideration, appeal, rehearing, and/or other review of the Final Approval Order and Judgment is filed, the Final Approval Order and Judgment is affirmed without material change *or* the motion, notice, request, or other application is dismissed or denied, and the prescribed time, if any, for commencing any further reconsideration, appeal, rehearing, and/or other review of the Final Approval Order and Judgment has expired and no other motion, notice, request, or other application for reconsideration, appeal, rehearing, and/or other review is pending.

1.18.   "Fee Application" means any motion for Fee Award and Costs and/or Service Award Payments, as set forth in Sections XV and XVI.

1.19.   "Fee Award and Costs" means reimbursement awarded and approved by the Court to be paid to Class Counsel for certain Attorneys' Costs, Fees and Expenses.

1.20.   "Final Approval Order and Judgment" means an order and judgment that the Court enters after the Final Approval Hearing, which finally approves the Settlement Agreement, certifies the Settlement Class, dismisses the Action with prejudice, otherwise satisfies the settlement-related provisions of Federal Rules of Civil Procedure 23 and 58, and is consistent with all material provisions of this Settlement Agreement. A copy of the proposed Final Approval Order is attached hereto as **Exhibit F**.

1.21.   "Final Approval Hearing" means the hearing to be conducted by the Court to determine the fairness, adequacy, and reasonableness of the Settlement pursuant to Federal Rule of Civil Procedure 23 and whether to issue the Final Approval Order and Judgment.

1.22.   "Identity Theft and Credit Monitoring Services" means the identity theft and credit monitoring services that shall be available to the Settlement Class.  These services shall be for two (2) years and include credit monitoring and identify theft protection, with identity restoration insurance.

1.23.   "Net Settlement Fund" means the amount of funds, if any, that remain in the Settlement Fund after funds are paid from or allocated for payment from the Settlement Fund for: (i) Notice and Administrative Expenses; (ii) Taxes and Tax-Related Expenses; (iii) Fee Award and Costs; (iv) Service Award Payments; and (v) Approved Claims.

1.24.   "Non-Monetary Relief" means the good and valuable, non-cash consideration provided by Defendant in connection with this Settlement, as described in Section VII.

1.25.   "Notice" means notice of the proposed class action Settlement to be provided to the Settlement Class pursuant to the Preliminary Approval Order in accordance with Section VIII. *See* **Exhibits B-D**, attached hereto.

1.26.   "Notice Deadline" means the last day by which Notice must issue to the Settlement Class and will occur thirty (30) days after entry of the Preliminary Approval Order.

1.27.   "Notice and Administrative Expenses" means all the expenses incurred in the administration of this Settlement, including, without limitation, all Settlement Administrator fees, expenses and costs and all fees, expenses and costs associated with providing Notice to the Settlement Class; providing any notice required by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; locating any Settlement Class Member; processing and validating claims; determining the eligibility of any person to be a Settlement Class Member; and administering, calculating, and distributing the Settlement Relief to Participating Settlement Class Members with an Approved Claim. Administrative Expenses also includes all third-party fees and expenses incurred by the Settlement Administrator or otherwise in issuing notice and in administering the terms of this Agreement including, without limitation, with respect to the Identity Theft and Credit Monitoring Services.

1.28.   "Objection Deadline" is the last day on which a Settlement Class Member may file an objection to the Settlement or Fee Application, which will be forty-five (45) days after the Notice Deadline.

1.29.   "Opt-Out Deadline" is the last day on which a Settlement Class Member may file a Request for Exclusion, which will be forty-five (45) days after the Notice Deadline.

1.30.   "Out-of-Pocket Losses" means documented out-of-pocket costs or expenditures that a Settlement Class Member actually incurred that are fairly traceable to the Data Breach, and that have not already been reimbursed and are owed or payable by the Settlement Class Member.

1.31.   "Participating Settlement Class Member(s)" means an individual Settlement Class Member or all Settlement Class Members who do(es) not submit a timely and valid Request for Exclusion prior to the Opt-Out Deadline and who are bound by the terms of this Settlement Agreement, if approved, including the Release and Covenant Not to Sue contained in Section XIV, the Final Approval Order and Judgment entered thereon, and any other judgment entered thereon, regardless of whether the Settlement Class Member submits a Claim Form or receives any Settlement Relief.

1.32.   "Parties" means collectively the Class Representatives, individually and on behalf of Participating Settlement Class Members, and Defendant.

1.33.   "Personal Information" means an individual's first name or first initial and last name in combination with the individual's social security number and/or financial account information.

1.34.   "Preliminary Approval Order" means an order directing issuance of Notice to Settlement Class Members, determining that the Court will likely be able to approve the Settlement under Federal Rule of Civil Procedure 23, and determining that the Court will likely be able to certify the Settlement Class for purposes of judgment, that is consistent with all material provisions of this Settlement Agreement. A copy of the proposed Preliminary Approval Order is attached hereto as **Exhibit E**.

1.35.   "*Pro Rata* Cash Payment" means the equal *pro rata* cash payment that may be distributed from any Net Settlement Fund to Participating Settlement Class Members with an Approved Claim. The amount of this benefit, if any, shall be based on the number of Approved Claims received and the amount of the Net Settlement Fund, and subject to the provisions set forth in Paragraph 5.3.

1.36.   "Released Claims" means any and all claims or causes of action of every kind and description, including any causes of action in law, claims in equity, complaints, suits, demands, or petitions, and any allegations of wrongdoing, demands for legal, equitable, declaratory, or administrative relief (including, but not limited to, any claims for injunction, rescission,

reformation, restitution, disgorgement, constructive trust, compensatory damages, consequential damages, penalties, exemplary damages, contractual damages, statutory damages, extracontractual damages, punitive damages, attorneys' fees, costs, interest or expenses) that the Releasing Parties had, have, or may claim now or in the future to have (including, but not limited to, assigned claims and any and all "Unknown Claims" as defined herein) that were or could have heen asserted or alleged, whether accrued or unaccrued, whether direct, individual or representative, arising out of the same nucleus of operative facts as any of the claims alleged or asserted in the Action, including but not limited to the facts, transactions, occurrences, events, acts, omissions, or failures to act that were alleged, argued, raised, or asserted in any pleading or court filing in the Action, including but not limited to those arising from, related to, or otherwise concerning the Data Breach.

1.37.   "Released Parties" means Defendant Carvin Wilson Software, LLC d/b/a Carvin Software, LLC as well as any and all of its respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, licensors, licensees, associates, affiliates, franchisees, employers, employees, franchisees' employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

1.38.   "Releasing Parties" means the Class Representatives and Participating Settlement Class Members, as well as any and all of their respective present or past heirs, executors, estates, administrators, representatives, agents, partners, successors, assigns, legal representatives, attorneys, and assigns.

1.39.   "Request for Exclusion" is a written communication by or on behalf of a Settlement Class Member in which he or she requests to be excluded from the Settlement Class in the form and manner provided for in the Notice and the Court in the Preliminary Approval Order.

1.40.   "Service Award Payments" means compensation awarded and approved by the Court and paid to the Class Representatives in recognition of their role in this litigation, which shall not exceed $1,500 per Class Representative.

1.41.   "Settlement" means the settlement of the Action by and between the Parties, and the terms thereof as stated in this Settlement Agreement.

1.42.   "Settlement Administrator" means Simpluris subject to Court approval. Class Counsel and Defendant's Counsel may, by agreement, substitute a different Settlement Administrator, subject to Court approval.

1.43.   "Settlement Class" or "Class" means all individuals in the United States and its Territories whose Personal Information was identified by Defendant as having been potentially exposed in the Data Breach, consisting of 189,319 individuals.  Excluded from the Settlement Class are (i) Defendant and its officers, directors, representatives, affiliates, parents, and subsidiaries; (ii) all Settlement Class Members who timely and validly submit a Request for Exclusion; (iii) any judge, justice, or judicial officer presiding over this Action and the members of their immediate families and judicial staff; and (iv) any members or employees of Defendant Counsel or Class Counsel.

1.44.   "Settlement Class List" means the list generated by Defendant containing the names, current or last known addresses, and email addresses where known, for all persons who fall under the definition of the Settlement Class, which Defendant shall provide to the Settlement Administrator within ten (10) days of the Preliminary Approval Order.

1.45.   "Settlement Class Member(s)" or "Class Member(s)" means an individual who falls, or all individuals who fall, within the definition of the Settlement Class.

1.46.   "Settlement Consideration" shall mean the full value of all benefits available to the Settlement Class Members, totaling $1,525,000.00, as described herein, including, without limitation, the Settlement Fund and Non-Monetary Relief.

1.47.   "Settlement Fund" means the eight hundred twenty-five thousand dollars ($825,000) to be paid by Defendant into a non-reversionary fund pursuant to Section II.  The Settlement Fund is the limit and extent of Defendant's monetary obligation with respect to the Settlement, including, but not limited to, for any Settlement Payment, costs for claimed Identity Theft and Credit Monitoring Services, Notice and Administrative Expenses, Service Award to Named Plaintiffs, and Fee Award and Costs.

1.48.   "Settlement Payment" or "Settlement Check" means the payment to be made via mailed check and/or electronic payment from the Settlement Fund to Participating Settlement Class Members with Approved Claims for reimbursement of Out-of-Pocket Losses and/or Attested Time and any *Pro Rata* Cash Payment to Participating Settlement Class Members with Approved Claims, pursuant to Section V.

1.49.   "Settlement Relief" means one or more of the following forms of relief each Participating Settling Class Member that submits a timely Claim Form may be eligible to receive, subject to the requirements, determinations, and limitations of Sections III, IV, V and VI: (1) Identity Theft and Credit Monitoring Services; (2) reimbursement for Out-of-Pocket Losses, (3) reimbursement for Attested Time, and (4) *Pro Rata* Cash Payment.

1.50.   "Settlement Website" means the website that the Settlement Administrator will establish as soon as practicable following entry of the Preliminary Approval Order, but prior to the Notice Deadline, as a means for Settlement Class Members to obtain notice of and information about the Settlement and relevant case documents and deadlines. The Settlement Website shall contain relevant documents, including, but not limited to, the Notice, this Settlement Agreement, Plaintiffs' motion for preliminary approval of the Settlement, the Preliminary Approval Order, any Fee Application, and the operative complaint in the Action. The Settlement Website shall also include a toll-free telephone number for an Interactive Voice Response system, email address, and mailing address through which Settlement Class Members may contact the Settlement Administrator directly. The Settlement Website shall not include any advertising.  The Settlement Website shall be deactivated thirty (30) days after all Settlement Payments have been distributed.

1.51.   "Taxes and Tax-Related Expenses" means any and all applicable taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest or penalties) arising in any jurisdiction, if any, with respect to the income or gains earned by or in respect of the Settlement Fund, including, without limitation, any taxes that may be imposed upon Defendant with respect to any income or gains earned by or in respect of the Settlement Fund for any period while it is held the account established by the Settlement Administrator.

## II.   **<u>SETTLEMENT FUND</u>**

2.1.   **Establishment of Settlement Fund.** Within forty-five (45) days of the Preliminary Approval Order, the sum of $825,000 shall be paid on behalf of Defendant and deposited into an account established and administered by the Settlement Administrator.  The Settlement Fund shall be the only source of payment for all costs, fees and expenses related to the Settlement, including, but not limited to, with respect to (i) Notice and Administrative Expenses; (ii) Taxes and Tax-Related Expenses; (iii) Fee Award and Costs; (iv) Service Award Payments; and (v) Settlement Relief to Participating Settlement Class Members with an Approved Claim.  The payment set forth in this Paragraph shall be the limit and extent of Defendant's monetary obligation with respect to the Settlement.

2.2.    **Non-Reversionary.** The Settlement Fund is non-reversionary. As of the Effective Date, all rights of Defendant in or to the Settlement Fund shall be extinguished, except in the event this Settlement Agreement is terminated, as described in Paragraph 13.2.

2.3.    **Qualified Settlement Fund.** The Parties agree that the Settlement Fund is intended to be maintained as a qualified settlement fund within the meaning of Treasury Regulation § 1.468 B-1, and that the Settlement Administrator, within the meaning of Treasury Regulation § 1.468 B-2(k)(3), shall be responsible for filing tax returns and any other tax reporting for or in respect of the Settlement Fund and paying from the Settlement Fund any Taxes and Tax-Related Expenses owed with respect to the Settlement Fund. The Parties agree that the Settlement Fund shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Settlement Fund as a qualified settlement fund from the earliest date possible. Any and all funds held in the Settlement Fund shall be held in an interest-bearing account insured by the Federal Deposit Insurance Corporation. Funds may be placed in a non-interest bearing account as may be reasonably necessary during the check clearing process. The Settlement Administrator shall provide an accounting of any and all funds in the Settlement Fund, including any interest accrued thereon and payments made pursuant to this Agreement, upon request of any of the Parties.

2.4.    **Custody of Settlement Fund.** The Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to this Settlement Agreement or the balance returned to Defendant in the event this Settlement Agreement is terminated in accordance with Paragraph 13.2.

2.5.    **Use of the Settlement Fund.** As further described in this Settlement Agreement, the Settlement Fund shall be used by the Settlement Administrator to pay for or fund the following: (i) Notice and Administrative Expenses; (ii) Taxes and Tax-Related Expenses; (iii) Fee Award and Costs; (iv) Service Award Payments; and (v) Settlement Relief to Participating Settlement Class Members with an Approved Claim.

2.6.    **Taxes and Representations.** Taxes and Tax-Related Expenses relating to the Settlement Fund shall be considered Notice and Administrative Expenses and shall be timely paid by the Settlement Administrator out of the Settlement Fund without prior order of the Court. Further, the Settlement Fund shall indemnify and hold harmless the Parties and their counsel for Taxes and Tax-Related Expenses (including, without limitation, taxes payable by reason of any

such indemnification payments). The Parties and their respective counsel have made no representation or warranty with respect to the tax treatment by any Class Representative or any Settlement Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund. Each Class Representative and Participating Settlement Class Members shall be solely responsible for the federal, state, and local tax consequences to him, her or it as a result of the receipt of funds from the Settlement Fund pursuant to this Agreement.

### III.   SETTLEMENT RELIEF

Settlement Class Members must submit a timely Claim Form to the Settlement Administrator, together with any additional required supporting documentation described below, to be eligible to receive one or more of the following Settlement Relief, which shall be paid or funded out of the Settlement Fund:

3.1.   **Identity Theft and Credit Monitoring Services**:  Settlement Class Members may submit a Claim to receive an activation code for Identity Theft and Credit Monitoring Services. To make a Claim, Settlement Class Members must complete the appropriate sections of the Claim Form, affirmatively elect to receive Identity Theft and Credit Monitoring Services, provide a valid email address, and attest under penalty of perjury that the information provided is true and correct.

3.2.   **Reimbursement for Out-of-Pocket Losses:** Settlement Class Members may submit a Claim, **up to and not to exceed $8,500.00 per Settlement Class Member**, for reimbursement of the following Out-of-Pocket Losses: (i) costs associated with credit monitoring or identity theft protection purchased directly by the Settlement Class Member, provided that the product was purchased as a result of the Data Breach; (ii) costs associated with requesting a credit report, provided that the Settlement Class Member requested the report as a result of the Data Breach; (iii) costs associated with a credit freeze, provided that the Settlement Class Member requested the freeze as a result of the Data Breach; (iv) costs associated with cancelling a payment card and/or obtaining a replacement payment card, provided that the Settlement Class Member requested the cancellation and/or replacement as a result of the Data Breach; (v) costs associated with closing a bank account and/or opening a new bank account, provided that the Settlement Class Member requested the closing and/or opening as a result of the Data Breach; and/or (vi) unreimbursed losses relating to financial fraud and/or identity theft that are fairly traceable to the Data Breach.

3.2.1.   To make a Claim for Reimbursement of Out-of-Pocket Losses, a Settlement Class Member must complete the appropriate sections of the

Claim Form, submit the required documentation set forth below, and attest under penalty of perjury that the Out-of-Pocket Losses were incurred as a result of the Data Breach; that the Out-of-Pocket Losses were not reimbursed or resolved without payment; the Settlement Class Member owes or paid the Out-of-Pocket Losses; and the Settlement Class Member made reasonable efforts to avoid or seek reimbursement for the Out-of-Pocket Losses.

3.2.2.     To make a Claim for Reimbursement of Out-of-Pocket Losses, Settlement Class Members must submit documentation identifying (a) the date and amount of the costs or losses; (b) bills or invoices establishing the amount of the costs or losses; and (c) to the extent necessary, proof of payment(s) or evidence that payment is currently owed on account of the costs or losses. With respect to Claims for unreimbursed losses relating to financial fraud and/or identity theft, Settlement Class Members must also submit documentation demonstrating the type of Personal Information used to commit the identity theft and/or fraud.

3.3.     **Reimbursement for Attested Time:** Settlement Class Members may submit a Claim for reimbursement of Attested Time, up to four (4) hours at the rate of twenty dollars ($20.00) per hour.  To make a Claim, Settlement Class Members must complete the appropriate sections of the Claim Form, with a brief description of the actions taken in response to the Data Breach and the time spent, and attest under penalty of perjury that the information provided is true and correct.

3.4.     *Pro Rata* **Cash Payment:** Settlement Class Members who submit a Claim for Identity Theft and Credit Monitoring Services, reimbursement for Out-of-Pocket Losses, and/or reimbursement for Attested Time are eligible to receive a *Pro Rata* Cash Payment, subject to the determination and limitations set forth in Paragraph 5.3.

3.5.     **Failure to Submit a Claim Form.**  All Participating Settling Class Members who fail to submit a timely Claim Form for any Settlement Relief hereunder shall be forever barred from receiving any payments or benefits pursuant to the Settlement, but will otherwise be deemed bound by the terms of this Settlement Agreement, including the Release and Covenant Not to Sue contained in Section XIV, the Final Approval Order and Judgment entered thereon, and any other judgment entered thereon.

## IV.   <u>VALIDATING CLAIMS</u>

4.1.    The Settlement Administrator shall determine, in its sole discretion, to be reasonably exercised, whether a Clam Form submitted by a claimant is valid, but may consult with Class Counsel and Defendant's Counsel in making individual determinations.  The Settlement Administrator shall use reasonable procedures to screen claims for abuse, fraud, duplication, or ineligibility. The Settlement Administrator is authorized to contact any Settlement Class Member (by email, telephone, or U.S. mail) to seek clarification regarding a submitted claim prior to making a determination as to its validity.  The Settlement Administrator's determination of the validity or invalidity of any claim shall be binding, subject only to Court review.

4.2.    For each Claim, the Settlement Administrator shall determine that (1) the claimant is a Settlement Class Member; (2) the Claim is timely; (3) the Claim Form is complete and attested to under penalty of perjury; (3) the claimant has complied in all respects with Section III, *supra;* and (4) the Claim Form and documentation (if required) is complete and meets the criteria set forth below.  The Settlement Administrator shall reject as invalid any claim that does not meet the foregoing requirements.

> 4.2.1.    In order for a Claim to be considered a timely, the Claim Form must be electronically submitted or postmarked to the Settlement Administrator no later than the Claims Deadline.  A Clam Form that is sent to an address other than that designated by the Settlement Administrator, or that is not timely postmarked or electronically submitted shall be deemed invalid.

4.3.    **Assessing Claims for Identity Theft and Credit Monitoring Services**. The Settlement Administrator shall verify that the Claim Form elects to receive an activation code for Identity Theft and Credit Monitoring Services and a valid email address has been provided.

4.4.    **Assessing Claims for Out-of-Pocket Losses.** The Settlement Administrator shall determine that the attested to Claim Form along with the documentation supplied demonstrate that the Out-of Pocket Losses are (i) an actual, documented, and unreimbursed monetary loss or expenditure that was or is the responsibility of the Settlement Class Member; (ii) *more likely than not* fairly traceable to the Data Breach; (iii) occurred after the Data Breach through to the date of the Claim Form; and (iv) the Settlement Class Member made reasonable efforts to avoid, or seek reimbursement for, the loss or expenditure.

4.4.1.    In assessing what qualifies as "fairly traceable," the Settlement Administrator shall consider (i) the timing of the costs or losses; (ii) whether the costs or losses were reasonably incurred as a result of the Data Breach; and (iii) for Claims for unreimbursed losses relating to financial fraud and/or identity theft, whether the Personal Information used to commit identity theft or fraud consisted of the type of Personal Information of the Settlement Class Member identified as having been potentially exposed in the Data Breach.

4.5.    **Assessing Claims for Attested Time.** The Settlement Administrator shall determine that the described actions set forth in the attested to Claim Form were reasonably related to the Data Breach.

4.6.    **Deficiencies.** To the extent the Settlement Administrator determines a Claim is invalid, in whole or part, but the deficiency could be reasonably cured, the Settlement Administrator shall notify the Settlement Class Member of the deficiency(ies) and give the Settlement Class Member fourteen (14) days to cure the deficiency(ies). Such notifications shall be made within fourteen (14) days of receipt of the Claim Form and be sent via email, unless the claimant did not provide an email address, in which case such notifications shall be sent via U.S. mail.  If the claimant fails to timely attempt to cure the deficiency(ies), then the Claim shall be deemed invalid.  If the claimant timely attempts to cure the deficiency(ies), the Settlement Administrator shall have fourteen (14) days to determine whether the Claim meets the requirements set forth above. If the Claim is determined to remain invalid, no further opportunities to cure will be provided and the claimant shall not be entitled to Settlement Relief.

4.7.    **Invalid Claims.**  All Participating Settling Class Members who fail to submit a valid Claim for any Settlement Relief hereunder shall be forever barred from receiving any payments or benefits pursuant to the Settlement, but will otherwise be deemed bound by the terms of this Settlement Agreement, including the Release and Covenant Not to Sue contained in Section XIV, the Final Approval Order and Judgment entered thereon, and any other judgment entered thereon.  No notice, other than as provided for in Paragraph 4.6, is required to be provided to claimants of the Settlement Administrator's determination of the validity of any Claim.

April

**V.    DISTRIBUTION OF SETTLEMENT RELIEF FOR APPROVED CLAIMS**

5.1.    **Approved Claims for Reimbursement of Out-of-Pocket Losses and/or Attested Time.** The Settlement Administrator will distribute a Settlement Check from the Settlement Fund to Participating Settlement Class Members for each Approved Claim for reimbursement of Out-

of-Pocket Losses and/or Attested Time as soon as practicable after the allocation and distribution of funds are determined by the Settlement Administrator following the Effective Date. The Settlement Check shall be in the form of a check mailed and/or an electronic payment, as selected by the Participating Settlement Class Member in their Claim Form.

5.2. **Approved Claims for Identity Theft and Credit Monitoring Services.** The Settlement Administrator will obtain the activation codes for the Approved Claims for Identity Theft and Credit Monitoring Services and email the activation codes to Participating Class Members with Approved Claims for Identity Theft and Credit Monitoring Services as soon as practicable after the allocation and distribution of funds are determined by the Settlement Administrator following the Effective Date. Any fees, costs or expenses related to the activation codes and any later enrollment shall be paid out of the Settlement Fund.

5.3. **Determination of *Pro Rata* Cash Payment**. The Settlement Administrator shall determine the amount, if any, of the Net Settlement Fund. The amount of this benefit shall be based on the number of Participating Class Members with an Approved Claim and the amount of the Net Settlement Fund. In the event the amount of the Net Settlement Fund is insufficient to distribute a *Pro Rata* Cash Payment to each Participating Class Member with an Approved Claim, there shall be no *Pro Rata* Cash Payment, and the Net Settlement Fund shall be distributed in accordance with Paragraph 6.3. The *Pro Rata* Cash Payment, if any, shall be distributed by Settlement Check from the Net Settlement Fund to each Participating Class Member with an Approved Claim at the same time as the Settlement Checks distributing the cash payments for Approved Claims for reimbursement of Out-of-Pocket Losses and/or Attested Time.

5.4. **Settlement Checks**. Any Settlement Check distributing the cash payments for Approved Claims for reimbursement of Out-of-Pocket Losses and/or Attested Time and/or any *Pro Rata* Cash Payment shall void sixty (60) days of their date of issue.

5.4.1. **Returned Checks.** For any Settlement Check returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Settlement Administrator shall make reasonable efforts to locate a valid address and resend the Settlement Check within thirty (30) days after the check is returned to the Settlement Administrator as undeliverable. In attempting to locate a valid address, the Settlement Administrator is authorized to send an email and/or place a telephone call to that Participating Settlement Class Member to obtain updated address

information. Any replacement Settlement Check issued to Participating Settlement Class Members shall void sixty (60) days of their date of issue.

5.4.2.   **Reissuance of Checks.** To the extent that a Settlement Check is not cashed within sixty (60) days after the date of issue, the Participating Settlement Class Member may within thirty (30) days from the void date request the Settlement Administrator reissue the check. A Settlement Check may only be reissued once.

5.4.3.   **Uncashed Checks.** To the extent that a Settlement Check is not cashed and is not eligible to be reissued as set forth in Paragraph 5.4.2, the Participating Settlement Class Member shall forfeit the right to receive the Settlement Payment and the amount shall revert back to the Settlement Fund.

5.4.4.   **Deceased Class Members.** If the Settlement Administrator is notified that a Participating Settlement Class Member is deceased, the Settlement Administrator is authorized to reissue the Settlement Check to the Participating Settlement Class Member's estate upon receiving proof the Participating Settlement Class Member is deceased and after consultation with Class Counsel and Defendant's Counsel.

## VI.   SETTLEMENT FUND ALLOCATION, PRO-RATA CONTINGENCY, AND RESIDUAL SETTLEMENT FUND

6.1.   **Order of Allocation of the Settlement Fund.** The Settlement Fund shall be used to pay in the following order: (i) all Notice and Administration Expenses; (ii) Taxes and Tax-Related Expenses; (iii) any Fee Award and Costs; (iv) any Service Award Payments; and (v) all Settlement Relief to Participating Settlement Class Members with an Approved Claim.

6.2.   **Pro-Rata Contingency.** If the total dollar value of all Approved Claims exceeds the amount remaining in the Settlement Fund after payment of (i) all Notice and Administration Expenses; (ii) Taxes and Tax-Related Expenses; (iii) any Fee Award and Costs; and (iv) any Service Award Payments, the payment amount for all Approved Claims shall be reduced *pro rata*, and there shall be no *Pro Rata* Cash Payment.

6.3.    **Residual Settlement Fund.** If there is any balance remaining in the Settlement Fund after the Settlement Administrator completes the process for distribution and there remains no outstanding uncashed Settlement Checks available to be reissued as set forth in Section V, the remaining money shall be provided to the National Cybersecurity Alliance as a *cy pres* recipient. The residual funds in the Settlement Fund and any monies distributed pursuant to the *cy pres* provision set forth in this Paragraph shall not be considered unclaimed property under the laws of any state.

## VII.    NON-MONETARY RELIEF: BUSINESS PRACTICE COMMITMENTS

7.1.    **Business Practice Commitments.** Defendant has and/or agrees to adopt, implement and/or maintain certain business practice commitments and remedial measures set forth below for a period of three (3) years following the Effective Date, subject to the Modification provision set forth in Paragraph 7.2.

> 7.1.1.    Conduct annual penetration testing through a third-party security vendor.
>
> 7.1.2.    Provide periodic data security training to employees, including with regard to handling and reporting suspicious email communications and documents.
>
> 7.1.3.    Conduct phishing simulations at least twice a year, with such testing to include sending mock phishing emails to employees to help them identify malicious emails and links.
>
> 7.1.4.    Maintain a company-wide encryption protocol wherein all personal information (as defined by Arizona Revised Statutes § 18-551) is encrypted at rest and in movement.
>
> 7.1.5.    Maintain anti-malware on all servers with monitoring, reporting, and alerts for malware.
>
> 7.1.6.    Maintain multi-factor authentication for login to all accounts with access to personal information (as defined by Arizona Revised Statutes § 18-551).

7.1.7.  Perform a security assessment for the organization based on the National Institute of Standards and Technology Cybersecurity Framework ("NIST CSF") and ensure compliance with the NIST CSF.

7.1.8.  Implement and utilize a Security Information and Event Management tool.

7.1.9.  Implement a data deletion policy for personal information (as defined by Arizona Revised Statutes § 18-551) which shall remove from its externally accessible database all (i) customer employees who do not receive an initial paycheck within 36 weeks of being entered into the software; and (ii) customer employees who have not received a paycheck for 7 years.

7.2.  **Modification.** The Parties acknowledge that technical and legal requirements for securing information evolve and change dynamically. In the event that technological or industry developments, or intervening changes in law or business practices render specific Business Practice Commitments, defined in Paragraph 7.1, obsolete or make compliance by Defendant with them unreasonable or technically impractical, Defendant may modify its business practices as necessary to ensure appropriate security practices are being followed, in accordance with then existing laws.

7.3.  **Costs**.  Defendant acknowledges that, due in part to the prosecution of this Action and/or this Settlement, certain security improvements have already been implemented following the Data Breach for a cost of approximately $400,000, and Defendant acknowledges that maintenance of the Business Practice Commitments for a period of three (3) years will cost approximately $100,000 per year. Thus, Defendant acknowledges that the total cost of the Business Practice Commitments is approximately $700,000. These costs are separate and apart from the Settlement Fund.

## VIII.   SETTLEMENT CLASS NOTICE

8.1.  **Notice.**  After Defendant provides the Settlement Class List to the Settlement Administrator but on or before the Notice Deadline, the Settlement Administrator shall disseminate Notice to the Settlement Class Members for which it has a valid email or mailing address.

8.2.    **Manner of Giving Notice.** Subject to Court approval, the Settlement Administrator will provide Notice to the Settlement Class as described herein. The cost of such Notice will be paid from the Settlement Fund.

      8.2.1.    **Email Notice.** Notice shall be provided via email to every Settlement Class Member for whom Defendant has a valid email address. It will be conclusively presumed that the intended recipients received the Notice via email if the Settlement Administrator did not receive a hard bounce-back message. A copy of the proposed Email Notice is attached hereto as **Exhibit B**.

      8.2.2.    **Postcard Notice.** In instances where Defendant does not have a valid email address for a Settlement Class Member, Notice shall be provided by way of mailed postcards *via* the U.S. Postal Service.  Before mailing, the Settlement Administrator will update the addresses provided by Defendant with the National Change of Address database. It shall be conclusively presumed that the intended recipients received the Notice if the mailed postcard is not returned to the Settlement Administrator as undeliverable within fifteen (15) days of mailing. A copy of the proposed Postcard Notice is attached hereto as **Exhibit C**.

      8.2.3.    **Settlement Website.** Prior to the date on which the Settlement Administrator initiates Notice via the above methods, the Settlement Administrator shall establish the Settlement Website. The Parties shall meet and confer and choose a mutually acceptable URL for the Settlement Website. The Settlement Website shall remain accessible until thirty (30) days after the distribution of Settlement Relief pursuant to Section V is complete, and will be deactivated thereafter.  The Settlement Website shall contain: the Settlement Agreement; contact information for Class Counsel and Defendant's Counsel; contact information for the Settlement Administrator; the filed motion for preliminary approval, the filed motion for final approval; the filed motion for approval of any Service Award Payments; the filed Fee Application attorneys' fees and expenses; the filed Preliminary Approval Order; and a downloadable and online version of the Claim Form and a Long Form Notice (attached hereto as **Exhibit D**).

8.3.     The Settlement Administrator, on behalf of Defendant, shall timely serve notice of the Settlement to the extent required by CAFA, 28 U.S.C. § 1715.  Any and all costs and fees related to any notice of the Settlement required by CAFA shall be paid out of the Settlement Fund.

### IX.     <u>OPT-OUTS</u>

9.1.     Settlement Class Members wishing to exclude themselves or "opt-out" of the Settlement must timely submit a Request for Exclusion confirming such intent to the designated mailing address or email address established by the Settlement Administrator. The Request for Exclusion must be in writing and include: (1) the Settlement Class Member's full name, (2) the address, telephone number, and email address (if any) of the Settlement Class Member opting out, (3) the case name and case number of the Action, (4) the personal and original signature of the Settlement Class Member opting out, and (5) a clear statement that they wish to be excluded from the Settlement. So-called "mass" or "class" opt-outs shall not be allowed.

9.2.     To be effective, the Request for Exclusion must be postmarked or emailed no later than the Objection Deadline.

9.3.     A Request for Exclusion that does not (1) include all of the information in Paragraph 9.1, or (2) that is sent to a mailing address or email address other than that designated by the Settlement Administrator, or (3) that is not timely postmarked or emailed, shall be invalid, and the Settlement Class Member serving such request shall be deemed a Participating Settlement Class Member and shall be bound by this Settlement Agreement, if approved.

9.4.     Within ten (10) Business Days following the Opt-Out Deadline, the Settlement Administrator will provide to Class Counsel and Defendant's Counsel a list of Settlement Class Members who submitted a Request for Exclusion.

9.5.     Settlement Class Members who submit a valid and timely Request for Exclusion shall not receive any benefits of and/or be bound by the terms of this Settlement Agreement.

9.6.     Settlement Class Members who do not submit a valid and timely Request for Exclusion in the manner set forth above shall be treated as a Participating Settlement Class Member and deemed bound by the terms of this Settlement Agreement, including the Release and Covenant Not to Sue contained in Section XIV, the Final Approval Order and Judgment entered thereon, and any other judgment entered thereon, regardless of whether the Settlement Class Member submits a Claim or receives any Settlement Relief.

9.7.    If a Settlement Class Member submits both a Claim Form and a Request for Exclusion, the Settlement Administrator will advise such person via email, unless there is no email address for the Settlement Class Member, in which case the notification shall be via mail, and request that the Settlement Class Member withdraw either the Claim Form or the Request for Exclusion.  If such Person does not withdraw the Claim Form or the Request for Exclusion within seven (7) days, the Settlement Class Member will be deemed to have waived and withdrawn the Request for Exclusion and shall be treated as a Participating Settlement Class Member for all purposes.

9.8.    The Parties and their respective counsel agree that they will make no effort to suggest, solicit, facilitate or otherwise encourage Settlement Class Members to opt-out of the Settlement.

## X.    **OBJECTION PROCEDURES**

10.1.    Settlement Class Members desiring to object to the Settlement Agreement shall submit a timely written notice of their objection that complies with the requirements of this Settlement Agreement.

10.2.    Such notice shall include: (i) the objector's full name, address, telephone number, and email address (if any); (ii) the case name and case number of the Action; (iii) information identifying the objector as a Settlement Class Member, including documentation demonstrating that the objector is within the definition of the Settlement Class; (iv) a written statement of the specific legal and factual basis for each objection, including whether the objection applies only to the objecting person, a specific subset of the Settlement Class, or the entire Settlement Class; (v) a description of any and all evidence the objecting person intends to offer at the Final Approval Hearing, if any, including but not limited to the names, addresses, and expected testimony of any witnesses and all exhibits intended to be introduced at the Final Approval Hearing; (vi) the identity of all counsel representing the objector; (vii) a statement whether the objector and/or their counsel will appear at the Final Approval Hearing; (viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation); and (ix) a list, by case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement within the last five (5) years.

10.3.    To be valid, written notice of an objection in the appropriate form must be filed with the Clerk of Court of the U.S. District Court for the District of Arizona no later than the

Objection Deadline, and served concurrently upon Class Counsel and Counsel for Defendant, at the addresses listed on the signature page of the Settlement Agreement.

10.4.    If a Settlement Class Member who objects to the settlement also submits a Request for Exclusion, either before or after the objection, the objection will be deemed withdrawn and void, unless such Settlement Class Member send notice to the Settlement Administrator withdrawing the Request for Exclusion prior to the Opt-Out Deadline.

10.5.    Settlement Class Members who fail to comply with the requirements set forth in this Section shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement and shall be treated as a Participating Settlement Class Member and deemed bound by the terms of this Settlement Agreement, including the Release and Covenant Not to Sue contained in Section XIV, the Final Approval Order and Judgment entered thereon, and any other judgment entered thereon, regardless of whether the Settlement Class Member files a Claim Form or receives any benefits from the Settlement.  The exclusive means for any challenge to the Settlement Agreement shall be through the objection provisions set forth in this Section.  Any further challenge to the Settlement Agreement, the order approving this Settlement Agreement, or the Final Approval Order and Judgment shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

## XI.    DUTIES OF THE SETTLEMENT ADMINISTRATOR

11.1.    The Settlement Administrator shall perform the functions and duties necessary to effectuate the Settlement and as specified in this Agreement, including, but not limited to, the following:

11.1.1.    Administering and overseeing the Settlement Fund, and the payment of Taxes and Tax-Related Expenses relating to the Settlement Fund;

11.1.2.    Obtaining the Settlement Class List for the purpose of disseminating Notice to Settlement Class Members, and validating the email or mailing address contained therein;

11.1.3.    Providing Notice to Settlement Class Members in accordance with Section VIII;

11.1.4.    Establishing, maintaining and deactivating the Settlement Website;

11.1.5.     Providing notice required by CAFA in accordance with Section VIII;

11.1.6.     Establishing and maintaining a toll-free telephone line for a Interactive Voice Response system which provides callers with information regarding the case and allows them to leave a voicemail, and answering the questions of Settlement Class Members within one (1) Business Day;

11.1.7.     Responding to any mailed or emailed Settlement Class Member inquiries within one (1) Business Day;

11.1.8.     Collecting, processing, reviewing, and determining the validity of, in accordance with Section IV, all Claims submitted by Settlement Class Members and transmitting to Class Counsel and Defendant's Counsel a list of Approved Claims both periodically during the Claims Period and a final list after the Claims Deadline;

11.1.9.     Receiving and validating any Request for Exclusion in accordance with Section IX and providing a list of each Settlement Class Member who submitted a Request for Exclusion within ten (10) Business Days following the Opt-Out Deadline;

11.1.10.    Administering, calculating, and distributing the Settlement Relief to Participating Settlement Class Members with an Approved Claim in accordance with Section V;

11.1.11.    Working with the provider of the Identity Theft and Credit Monitoring Services to receive and send activation codes in accordance with Section V;

11.1.12.    Providing weekly or other periodic reports to Class Counsel and Defendant's Counsel that include information regarding the distribution of Settlement Relief, Settlement Checks cashed, undeliverable information, and any other requested information relating to the distribution of Settlement Relief;

11.1.13.   In advance of the Final Approval Hearing, preparing a sworn declaration to submit to the Court that: (i) attests to implementation of Notice in accordance with the Preliminary Approval Order; (ii) identifies Settlement Class Members who timely and properly submitted a Request for Exclusion; and (iii) provides whatever additional reasonably available information that may be relevant and requested by Class Counsel respecting Notice and Claims; and

11.1.14.   Performing any function related to Settlement administration at the agreed-upon instruction of Class Counsel and Defendant's Counsel.

11.2.   **Limitation of Liability.** The Parties, Class Counsel, and Defendant's Counsel shall not have any liability whatsoever with respect to (i) any act, omission or determination of the Settlement Administrator, or any of its respective designees or agents, in connection with the administration of the Settlement, the Settlement Fund or otherwise; (ii) the determination, administration, calculation or payment of the Settlement Relief to Participating Settlement Class Members with an Approved Claim; (iii) the establishment, management, maintenance, design, terms or investment of the Settlement Fund; (iv) the disbursement, allocation, or payment of any funds out of the Settlement Fund; or (v) the payment or withholding of any Taxes and Tax-Related Expenses.

11.3.   **Indemnification.** The Settlement Administrator shall indemnify and hold harmless the Parties, Class Counsel, and Defendant's Counsel for (i) any act or omission or determination of the Settlement Administrator, or any of Settlement Administrator's designees or agents, in connection with the Notice Plan and the administration of the Settlement; (ii) the determination, administration, calculation or payment of the Settlement Relief to Participating Settlement Class Members with an Approved Claim; (iii) the establishment, management, maintenance, design, terms or investment of the Settlement Fund; (iv) any losses suffered by, or fluctuations in the value of the Settlement Fund; (v) the disbursement, allocation, or payment of any funds out of the Settlement Fund; or (vi) the payment or withholding of any Taxes and Tax-Related Expenses.

11.4.   **Fees, Costs and Expenses of Settlement Administrator.** All fees, costs and expenses of the Settlement Administrator in connection with its duties, described herein, will be paid out of the Settlement Fund.

## XII.    PRELIMINARY APPROVAL, FINAL APPROVAL, AND JURISDICTION

12.1.    **Certification of the Settlement Class.** For purposes of this Settlement only, Class Counsel will seek, as part of a motion for preliminary approval, and Defendant agrees not to object or oppose, the certification of the Settlement Class, which is contingent upon the Court entering the Final Approval Order and Judgment of this Settlement and the occurrence of the Effective Date.

        12.1.1.    Defendant retains all of its objections, arguments, and defenses with respect to class certification and any other issue, and reserves all rights to contest class certification and any other issue, if the Effective Date, for whatever reason, fails to occur. The Parties acknowledge that there has been no stipulation to any classes or certification of any classes for any purpose other than effectuating the Settlement, and that if the Effective Date, for whatever reason. fails to occur, this agreement as to certification of the Settlement Class becomes null and void *ab initio*; this Settlement Agreement or any other settlement-related statement shall not be cited in support of an argument for certifying any class for any purpose related to this Action or any other proceeding; and any orders preliminarily or finally approving the certification of any class contemplated by the Settlement shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity in support of claims or defenses or in support or in opposition to a class certification motion.

12.2.    Preliminary Approval. As soon as practicable after execution of this Agreement, Class Counsel shall file a motion for preliminary approval of the settlement.

12.3.    Final Approval. Class Counsel shall move the Court for the entry of the Final Approval Order and Judgment, prior to the Final Approval Hearing and within a reasonable time after the Notice Deadline, Objection Deadline, and Opt-Out Deadline.

## XIII.    MODIFICATION AND TERMINATION

13.1.    **Modification.** The terms and provisions of this Agreement may be amended, modified, or expanded by written agreement of the Parties and approval of the Court; provided, however, that, after entry of the Preliminary Approval Order, the Parties may, by written agreement, effect such amendments, modifications, or expansions of this Agreement and its implementing documents (including all exhibits hereto) without further notice to the Settlement Class or approval by the Court if such changes are consistent with the Court's Preliminary

Approval Order and do not materially alter, reduce, or limit the rights of Settlement Class Members under this Agreement.

13.2.    **Termination.**  If the Effective Date does not and cannot occur, for whatever reason, then this Settlement Agreement shall be terminated, unless the Parties mutually agree otherwise in writing.  This Settlement Agreement may also be terminated as set forth below.

13.2.1.    The Parties shall have the right, but not the obligation, in their sole discretion, to terminate this Settlement Agreement by providing written notice to the other Party's Counsel within twenty (20) Business Days of learning of any of the following events:

13.2.1.1.    the Court declines to enter or materially modifies the Preliminary Approval Order or the Final Approval Order and Judgment;

13.2.1.2.    the Court declines to approve or materially modifies the Settlement Agreement; or

13.2.1.3.    the Settlement Agreement or Final Approval Order and Judgment is modified or reversed or vacated by any appellate court in any material respect.

13.2.2.    Defendant shall have the right, but not the obligation, in their sole discretion, to terminate this Settlement Agreement by providing written notice to Class Counsel within ten (10) Business Days of the Opt-Out Deadline, if five percent (5%) or more of the Settlement Class timely and validly submit a Request for Exclusion.

13.3.    **Effect of Termination.**  Unless otherwise ordered by the Court, in the event that the Effective Date does not occur, for whatever reason, or this Settlement Agreement should otherwise be terminated, then:

pil

13.3.1.    The Parties shall be returned, to the maximum extent possible, to their respective positions as of immediately prior to the Execution Date of the Settlement Agreement, with all of their respective legal claims and defenses preserved as they existed at that time, with the exception of any

funds already paid or owed to the Settlement Administrator for work it has already performed;

13.3.2.    Neither this Settlement Agreement, nor the fact of its having been made, nor the negotiations leading to it, nor any discovery, documents or information exchanged, or action taken by a Party or Settlement Class Member pursuant to this Settlement Agreement, will be admissible or entered into evidence for any purpose whatsoever; and

13.3.3.    Any and all rulings, orders, or judgments entered, altered, amended or vacated by the Court in accordance with the terms of this Settlement Agreement shall be deemed reverted *nunc pro tunc* to their respective status as of the Execution Date, and the Parties shall proceed in all respects as if this Settlement Agreement had not been executed, without prejudice in any way from the negotiation, fact, or terms of the Settlement, and with all of their respective legal claims, objections, defenses and motions preserved as they existed on that date (including any objection to or defense based on, among other things, a lack of personal jurisdiction).

## XIV.   RELEASE AND COVENANT NOT TO SUE

14.1.    **Release and Covenant Not to Sue.** Upon the Effective Date, and in consideration of the Settlement benefits described herein, each of the Releasing Parties shall be deemed to have released, relinquished, acquitted, and forever discharged any and all Released Claims against Released Parties.  Further, upon the Effective Date, and to the fullest extent permitted by law, the Releasing Parties shall, either directly, indirectly, representatively, or in any capacity, be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as a class member or otherwise) in any lawsuit, action, or other proceeding in any jurisdiction (other than participation in the Settlement as provided herein) against the Released Parties based on the Released Claims. It is further agreed that the Settlement may be pleaded as a complete defense to any proceeding subject to this section.

14.2.    **Unknown Claims.** The Released Claims include the release of Unknown Claims. "Unknown Claims" means claims that could have been raised in the Action and that any of the Releasing Parties do not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release the Released Parties of any of the foregoing or the Released Claims or might affect his, her or its decision to agree, object or not to object to the Settlement.

Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of any and all provisions, rights and benefits conferred by any law of any state, the District of Columbia or territory of the United States, by federal law, or principle of common law, including Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Upon the Effective Date, each of the Releasing Parties shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state, the District of Columbia or territory of the United States, by federal law, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to Section 1542 of the California Civil Code. The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Release, but that it is their intention to finally and forever settle and release the Released Claims, including but not limited to any Unknown Claims they may have, as that term is defined in this Paragraph.

14.3.    All Participating Settling Class Members, whether or not they submit a timely and valid Claim and/or receive any Settlement Relief, will in all respects be subject to, and bound by, the provisions of the Settlement Agreement, the Release and Covenant Not to Sue contained in this Section, the Final Approval Order and Judgment entered thereon, and any other judgment entered thereon.

14.4.    For the avoidance of doubt, by entering into this Settlement Agreement, Defendant has not, nor shall it be deemed to have released, relinquished, or discharged any claim or defense against any person or entity responsible for or who otherwise contributed to the happening, intentionally or negligently, the Data Breach.

## XV.    SERVICE AWARD PAYMENTS

15.1.    **Service Award Payments.** At least fourteen (14) days before the Opt-Out and Objection Deadlines, Class Counsel will file a Fee Application that will include a request for

Service Award Payments for the Class Representatives in recognition for their contributions to this Action. The Class Representatives shall seek, and Defendant agrees not to object, to Service Award Payments up to $1,500 per Class Representative, which shall be subject to Court approval. The Service Award Payments shall be separate and apart from any other benefits available to the Class Representatives and Participating Settlement Class Members under the terms of this Agreement. The Settlement Administrator shall make the Service Award Payments to the Settlement Class Representatives from the Settlement Fund, in the amount approved by the Court.

15.2.    **No Effect on Agreement.** In the event the Court declines to approve, in whole or in part, the payment of Service Award Payments in the amount requested or at all, the remaining provisions of this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of the Service Award Payments shall constitute grounds for termination of this Agreement.

## XVI.  ATTORNEYS' COSTS, FEES AND EXPENSES

16.1.    **Fee Award and Costs.** At least fourteen (14) days before the Opt-Out and Objection Deadlines, Class Counsel will file a Fee Application that will include a request for Fee Award and Costs to be paid from the Settlement funds. Prior to the disbursement or payment of any approved Fee Award and Costs, Class Counsel shall provide the Settlement Administrator a properly completed and duly executed IRS Form W-9. Fee Award and Costs shall be paid by the Settlement Administrator from the Settlement Fund, in the amount approved by the Court.

16.2.    **Allocation.** Unless otherwise ordered by the Court, Class Counsel shall have the sole and absolute discretion to allocate any approved Fee Award and Costs amongst Class Counsel and any other attorneys. Defendant shall have no liability or other responsibility for allocation of any such attorneys' fees and costs.

16.3.    **No Effect on Agreement.** In the event the Court declines to approve, in whole or in part, the payment of Fee Award and Costs in the amount requested or at all, the remaining provisions of this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of the Fee Award and Costs shall constitute grounds for termination of this Agreement.

16.4.    **Limitation.** Any Fee Award and Costs to be paid out of the Settlement Fund shall be the sole payment of any Attorneys' Costs, Fees and Expenses of the Class Representatives, Class Counsel, and Settlement Class Members and their attorneys.  Defendants shall have no

obligation for the payment of any Attorneys' Costs, Fees and Expenses, and Class Representatives, Class Counsel, and Settlement Class Members.

## XVII.  NO ADMISSION OF LIABILITY

17.1.   **No Admission of Liability.** The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever. The Releasing Parties expressly acknowledge and agree that Defendant has entered into this Agreement solely for convenience and the avoidance of litigation and that its decision to do so is not and shall not ever be asserted or construed as an admission of liability or wrongdoing of any kind, or that any of the allegations or claims asserted in the Action or released within the Released Claims have any factual or legal merit of any kind, all of which Defendant expressly denies.

17.2.   **No Use of Agreement.** Neither the Settlement Agreement, nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the Released Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Any of the Released Parties, however, may file the Settlement Agreement and/or the Final Approval Order and Judgment in any action in order to support a claim or defense based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar claim or defense.

## XVIII. Confidentiality Protection and Public Statements

18.1.   Class Representatives, Class Counsel, Defendant, and Defendant's Counsel agree to maintain the confidentiality of the terms of this Settlement prior to the filing of a Motion for Preliminary Approval. During this period, the Settlement and its terms are and shall be treated as confidential and shall not be disclosed, described, or characterized to any other person, attorney, entity, publication, or member of the media, except as may be required by law, to select a Settlement Administrator, judicial process, or order of a court, to enforce the terms of the

Settlement, or as otherwise agreed by the Parties. Notwithstanding the foregoing, Defendant may disclose such information as required by applicable law or to a regulatory authority, the IRS, its auditors, or its insurance carriers.

18.2.   Class Counsel and Defendant's Counsel shall not, at any time, make public statements regarding the Settlement or the Action, apart from within filings and arguments to the Court as necessary to obtain preliminary or final approval of the Settlement.

## XIX.   <u>MISCELLANEOUS</u>

19.1.   **Incorporation of Recitals.**   The Recitals are incorporated into the Settlement Agreement as if fully set forth herein.

19.2.   **Jurisdiction**. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Settlement Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Settlement Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Settlement Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Settlement Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice and the Settlement Administrator. As part of its agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

19.3.   **Best Efforts to Effectuate This Settlement**.  The Parties agree to cooperate with one another to the extent reasonably necessary and exercise their reasonable best efforts to effectuate and implement the terms and conditions of this Settlement Agreement.

19.4.   **Integration of Exhibits.** Any exhibits to this Settlement Agreement and any exhibits thereto are a material part of the Settlement and are incorporated and made a part of the Settlement Agreement.

19.5.   **Execution in Counterparts.** This Settlement Agreement shall become effective upon its execution by the Parties, Class Counsel, and Defendant's Counsel. The Settlement Agreement may be executed by electronic means or in writing, and the electronic, scanned, or faxed images of signatures shall be sufficient and deemed the equivalent of originals. In addition, the Settlement Agreement may be executed in counterparts, with each counterpart being deemed

an original, and execution of the counterparts having the same force and effect as if all Parties had signed the same instrument.

19.6.    **No Construction Against the Drafter.** This Settlement Agreement shall be deemed to have been drafted by the Parties, and any rule that a document shall be interpreted against the drafter shall not apply to this Settlement Agreement. The Class Representatives and Defendant each acknowledge that each have been advised and are represented by legal counsel of his or her own choosing throughout the negotiations preceding execution of this Settlement Agreement and have executed the Settlement Agreement after having been so advised.

19.7.    **Binding Effect.**  This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of Defendant, the Released Parties, Class Representatives, and Releasing Parties.

19.8.    **Waiver.**  The waiver by any Party of any breach of this Settlement Agreement by another Party shall not be deemed a waiver by any Party of any other prior or subsequent breach of this Settlement Agreement.

19.9.    **Entire Agreement and Modification.** This Settlement Agreement, including all exhibits hereto, shall constitute the entire Settlement among the Parties regarding the subject matter hereof and shall supersede any previous agreements, representations, communications and understandings among the Parties. This Settlement Agreement may not be changed, modified, or amended except in writing signed by all Parties, and, once a motion for preliminary approval has been filed, subject to Court approval. The Parties contemplate that, subject to Court approval or without such approval where legally permissible, the exhibits to this Settlement Agreement may be modified by subsequent agreement of the Parties.

19.10.   **Notice to counsel.**  All notices to Class Counsel provided for herein, shall be sent by overnight mail and email to:

Mason A. Barney
**SIRI & GLIMSTAD LLP**
745 Fifth Avenue, Suite 500                AprAil
New York, New York 10151
mbarney@sirillp.com

A. Brooke Murphy
**MURPHY LAW FIRM**

4116 Will Rogers Pkwy, Suite 700
Oklahoma City, OK 73108
abm@murphylegalfirm.com

William B. Federman
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
wbf@federmanlaw.com

All notices provided to Defendant for herein, shall be sent by overnight mail and email to:

William W. Cheney, III
**FREEMAN MATHIS & GARY, LLP**
3 Executive Campus, Suite 350
Cherry Hill, NJ 06002
wcheney@fmglaw.com

19.11. **Authority.** Any person executing this Settlement Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

**IN WITNESS WHEREOF,** the Parties hereto have authorized and caused the Settlement Agreement to be executed, by their duly authorized attorneys and/or corporate representatives.

BY: _____               Date: _____4/17/24_____
Mason A. Barney
(with permission for Elijah Johnson)
SIRI & GLIMSTAD LLP
*Counsel for Plaintiff Elijah Johnson,*
*Plaintiffs, and the Settlement Class*

BY: _____               Date: April 17, 2024_____
A. Brooke Murphy
MURPHY LAW FIRM
*Counsel for Plaintiffs Amanda Perez and*
*James Murray, Plaintiffs, and the*
*Settlement Class*
                                          Date: April 17, 2024_____
BY: _____
William B. Federman
FEDERMAN & SHERWOOD
*Counsel for Plaintiffs and the Settlement*
*Class*

BY: _____        Date: ___4-17-2024_____
William W. Cheney, III
**FREEMAN MATHIS & GARY, LLP**
*Counsel for Defendant Carvin Wilson*
*Software, LLC d/b/a Carvin Software, LLC*

# EXHIBIT A

## CLAIM FORM

**CARVIN WILSON SOFTWARE DATA BREACH INCIDENT**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA**
*Perez, et al. v. Carvin Wilson Software, LLC*, Case No. 2:23-cv-00792

---

Use this form **ONLY IF YOUR PERSONAL INFORMATION HAS BEEN IDENTIFIED BY CARVIN WILSON SOFTWARE AS HAVING BEEN POTENTIALLY IMPACTED BY THE DATA BREACH INCIDENT** that took place between February 22, 2023, and March 9, 2023.

**IF YOU WISH TO SUBMIT A CLAIM FOR SETTLEMENT BENEFITS, YOU MUST COMPLETE THE ONLINE FORM OR PROVIDE THE INFORMATION REQUESTED BELOW.**
If you are submitting a paper claim form, it must be signed and postmarked by [**DATE**].

### GENERAL INSTRUCTIONS

If you were notified by Carvin Wilson Software ("Carvin") on or about May 2, 2023, which also does business as Carvin Software, that your personal information was potentially compromised in a data breach at Carvin, you are a member of the Settlement Class and eligible to complete this Claim Form.

You may claim two (2) years of identity theft and credit monitoring services free of charge, compensation for lost time spent remedying issues related to the data breach, and compensation for certain unreimbursed out-of-pocket losses that were incurred as a result of and/or are fairly traceable to the data breach. By submitting a claim, you are also eligible to receive a *pro rata* cash payment of remaining settlement funds, if any.

You may claim up to four (4) hours of lost time, at $20.00 per hour.

You may also claim up to $8,500.00 for the following out-of-pocket losses, *if* they have not been reimbursed or resolved without payment; you owe or paid the out-of-pocket losses; and you made reasonable efforts to avoid or seek reimbursement for the out-of-pocket losses:

1. out-of-pocket costs associated with credit monitoring or identity theft protection that you purchased as a result of the data breach;

2. costs associated with requesting a credit report, provided that you requested the report as a result of the data breach;

3. costs associated with a credit freeze, provided that you requested the freeze as a result of the data breach;

4. costs associated with cancelling a payment card and/or obtaining a replacement payment card, provided that you requested the cancellation and/or replacement as a result of the data breach;

5. costs associated with closing a bank account and/or opening a new bank account, provided that you requested the closing and/or opening as a result of the data breach; and/or

6. unreimbursed losses relating to financial fraud and/or identity theft that are fairly traceable to the data breach.

To claim out-of-pocket losses, you must provide third-party documentation (such as receipts) to support your claim. If you are claiming losses related to financial fraud and/or identity theft, you must also submit documentation to show the type of personal information that was used to commit the identity theft and/or fraud.

**WE RECOMMEND THAT YOU FILE THIS CLAIM FORM ONLINE AT:**
**www.[SETTLEMENT WEBSITE ADDRESS].com**

To submit a paper Claim Form, please complete the information below by typing or legibly printing in black or blue ink. Mail your completed Claim Form, including any supporting documentation, by U.S. mail to:

**[ADDRESS]**

Please read the claim form carefully and answer all questions. Failure to provide required information or documentation could result in a denial of your claim. You must also sign the claim form Attestation at the end of this form in order to have a valid claim.

## I.  CLASS MEMBER NAME AND CONTACT INFORMATION

Provide your name and contact information below. You must notify the Claims Administrator if your contact information changes after you submit this form.

First Name:

Last Name:

Address:

City:                                                              State:        ZIP Code:

Email Address:

Phone Number:

Unique Settlement Member ID (from Notice):

## II.  CREDIT MONITORING AND IDENTITY-PROTECTION SERVICES

☐  Check this box if you wish to receive two (2) years of free identity theft and credit monitoring services.

You must provide a valid email address above to receive an activation code for the identity theft and credit monitoring services.

## III.  COMPENSATION FOR LOST TIME

All Settlement Class Members who have spent time remedying issues related to the data breach may claim up to four (4) hours for lost time at a rate of $20.00 per hour.

**Please provide a brief description of description of the action(s) you took remedying issues related to the data breach:**

_____

_____

_____

**Hours claimed (up to 4):**

☐ 1 Hour ($20.00)      ☐ 2 Hours ($40.00)      ☐ 3 Hours ($60.00)      ☐ 4 Hours ($80.00)

☐ I attest and affirm to the best of my knowledge and belief that the claimed lost time was spent related to the data breach as described above.

*(continued on page 4)*

## IV.   OUT-OF-POCKET LOSSES

All Settlement Class Members who submit a Valid Claim using this Claim Form are eligible for reimbursement of the following **documented** out-of-pocket expenses, not to exceed $8,500.00 per Class Member, that were incurred as a result of the data breach:

| Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss |
|---|---|---|
| ⭘ costs associated with credit monitoring or identity theft protection that you purchased as a result of the data breach. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐☐ . ☐☐ |
| ⭘ costs associated with requesting a credit report, provided that the report was requested as a result of the data breach. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐☐ . ☐☐ |
| ⭘ costs associated with requesting a credit freeze, provided that you requested the freeze as a result of the data breach. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐☐ . ☐☐ |
| ⭘ costs associated with cancelling a payment card and/or obtaining a replacement payment card, provided that you requested the cancellation and/or replacement as a result of the data breach. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐☐ . ☐☐ |
| ⭘ costs associated with closing a bank account and/or opening a new bank account, provided that you requested the closing and/or opening as a result of the data breach. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐☐ . ☐☐ |

**Supporting Documentation:** You must supply supporting documentation identifying (a) the date and amount of the costs or losses; (b) bills or invoices establishing the amount of the costs or losses; and (c) to the extent necessary, proof of payment(s) or evidence that payment is currently owed on account of the costs or losses.

**Examples of Supporting Documentation:** *Bank statements, receipts or other documents showing these costs.*

**Please fill out this section if you are claiming losses for financial fraud and/or identity theft.**

| Cost Type<br>(Fill all that apply) | Approximate Date of Loss | Amount of Loss |
|---|---|---|
| ○ the loss is an actual, unreimbursed monetary loss arising from financial fraud and/or identity theft that are fairly traceable to the data breach and supported by third-party documentation. | ☐☐ / ☐☐ / ☐☐<br>(mm/dd/yy) | $ ☐☐☐☐☐ . ☐☐ |

**Supporting Documentation:** You must supply supporting documentation identifying (a) the date and amount of the costs or losses; (b) bills or invoices establishing the amount of the costs or losses; (c) to the extent necessary, proof of payment(s) or evidence that payment is currently owed on account of the costs or losses; and (d) the type of Personal Information used to commit the identity theft and/or fraud.

**Examples of Supporting Documentation:** *Invoices or statements reflecting payments made for professional fees/services.*

**If you are claiming out-of-pocket expenses or losses, select each statement below that you attest and affirm is true and correct to the best of your knowledge.**

☐ The out-of-pocket losses and/or expenses I am claiming were incurred as a result of and/or are fairly traceable to the data breach.

☐ The out-of-pocket losses and/or expenses I am claiming have not been reimbursed or resolved without payment.

☐ I personally owe or have paid the out-of-pocket losses and/or expenses I am claiming.

☐ I have made reasonable efforts to avoid or seek reimbursement for the out-of-pocket losses I am claiming.

## V.   PAYMENT SELECTION

Please select **one** of the following payment options, which will be used should you be eligible to receive a settlement payment:

☐ **PayPal** - Enter your PayPal email address: _____

☐ **Venmo -** Enter the mobile number associated with your Venmo account: __ __ __-__ __ __-__ __ __ __

☐ **Zelle -** Enter the mobile number or email address associated with your Zelle account:

Mobile Number: __ __ __-__ __ __-__ __ __ __   or Email Address: _____

---

**Questions?  Call [NUMBER] toll free, or visit www.[SETTLEMENT WEBSITE ADDRESS].com**

☐ **Virtual Prepaid Card -** Enter your email address: _____

☐ **Physical Check -** Payment will be mailed to the address provided above.

## VI.   ATTESTATION & SIGNATURE

I swear and affirm under penalty of perjury under the laws of my state that the information I have supplied in this Claim Form and any document submitted herewith is true and correct to the best of my recollection, I know of no other person seeking reimbursement for any out-of-pocket losses or lost time claimed herein, and that this form was executed on the date set forth below.

Print Name:

| | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|

Signature:

MM        DD        YY

| | | | | | | | |
|-|-|-|-|-|-|-|-|

The deadline to submit this form is **[DATE]**.
**PLEASE KEEP A COPY OF YOUR CLAIM FORM AND PROOF OF SUBMISSION**

# EXHIBIT B

## LEGAL NOTICE

*Perez, et al. v. Carvin Wilson Software, LLC*, Case No. 2:23-cv-00792

**Carvin Wilson Software has identified you as a person whose Personal Information may have been impacted by a data breach incident that occurred on its computer systems between February 22, 2023, and March 9, 2023. You may have already received a Notice of Data Privacy Event about this incident.**

**A proposed Settlement in this case may affect your rights and may entitle you to a cash payment, as well as identity theft and credit monitoring services.**

*A court has authorized this notice. This is not a solicitation from a lawyer. You are not being sued. Please read this notice carefully and completely.*

A settlement has been reached in a class action lawsuit concerning unauthorized access to the computer systems of Carvin Wilson Software, LLC ("Carvin"), which also does business as Carvin Software, LLC. A copy of the Settlement is available at www.[**SETTLEMENT WEBSITE ADDRESS**].com.

The Settlement would resolve a lawsuit in which the Plaintiffs allege that Carvin did not maintain proper cybersecurity measures and is therefore responsible for the unauthorized access to its computer systems. Carvin denies these allegations and any wrongdoing and maintains that it has good and meritorious defenses to Plaintiffs' claims and would prevail if the case were to proceed. The Court has not decided whether Carvin did anything wrong. The parties have still agreed to settle the Lawsuit ("Settlement") to avoid the risks, disruption, and uncertainties of continued litigation.

**Who is included in the Settlement?** The Court has decided that everyone who fits this description is a Settlement Class Member: "*All individuals in the United States and its Territories whose Personal Information was identified by Defendant as having been potentially exposed in the Data Breach.*" Carvin has identified you as a person who may have been impacted by the Data Breach.

**What are the Settlement benefits?** The Settlement provides for several types of cash payments, including a reimbursement of up to $80.00 for lost time and up to $8,500.00 for reimbursement of out-of-pocket costs. All Class Members are also eligible for two years of identity theft and credit monitoring services. You must file a valid, timely claim to receive these benefits.

**How do I receive Settlement benefits?** To receive a payment and credit monitoring services under the Settlement, you **MUST** submit a valid, timely claim. To submit a claim online visit www.[**SETTLEMENT WEBSITE ADDRESS**].com, or **CLICK HERE** to download a claim form. You may also call [**TOLL FREE NUMBER**] to request that a Claim Form be mailed to you. **Claims must be submitted online or postmarked by [DATE].**

You will be legally bound by the Settlement unless you exclude yourself by **[DATE]**, which means that you will not be able to sue Carvin for the claims in this lawsuit. If you exclude yourself, you

cannot get benefits from this Settlement. If you want to object to the Settlement, you may file an objection by **[DATE].**

Complete information on how to submit a Claim Form, exclude yourself, or object is available at www.[**SETTLEMENT WEBSITE ADDRESS**].com.

**When will the Court decide whether to approve the Settlement?** The Court will hold a hearing on **[DATE]** at the **[ADDRESS]**, to consider whether to approve the Settlement. Class Counsel will also ask the court to approve attorney's fees not to exceed 27.5% of the total Settlement Consideration ($419,375) and reimbursement for the costs of litigation not to exceed $35,000, and a service award of $1,500.00 for each of the five named Plaintiffs. You may attend the hearing at your own cost, but you do not have to.

For more information, call **[TOLL FREE NUMBER]** or visit www.[**SETTLEMENT WEBSITE ADDRESS**].com.

# EXHIBIT C

## <u>LEGAL NOTICE</u>

*Perez, et al. v. Carvin Wilson Software, LLC*, Case No. 2:23-cv-00792

**Carvin Wilson Software has identified you as a person whose Personal Information may have been impacted by a data breach incident that occurred on its computer systems between February 22, 2023, and March 9, 2023. You may have already received a Notice of Data Privacy Event about this incident.**

**A proposed Settlement in this case may affect your rights and may entitle you to a cash payment, as well as identity theft and credit monitoring services.**

*A court has authorized this notice. This is not a solicitation from a lawyer. You are not being sued. Please read this notice carefully and completely.*

A settlement has been reached in a class action lawsuit concerning unauthorized access to the computer systems of Carvin Wilson Software, LLC ("Carvin"), which also does business as Carvin Software, LLC. A copy of the Settlement is available at www.[**SETTLEMENT WEBSITE ADDRESS**].com.

The Settlement would resolve a lawsuit in which the Plaintiffs allege that Carvin did not maintain proper cybersecurity measures and is therefore responsible for the unauthorized access to its computer systems. Carvin denies these allegations and any wrongdoing and maintains that it has good and meritorious defenses to Plaintiffs' claims and would prevail if the case were to proceed. The Court has not decided whether Carvin did anything wrong. The parties have still agreed to settle the Lawsuit ("Settlement") to avoid the risks, disruption, and uncertainties of continued litigation.

<u>**Who is included in the Settlement?**</u> The Court has decided that everyone who fits this description is a Settlement Class Member: "*All individuals in the United States and its Territories whose Personal Information was identified by Defendant as having been potentially exposed in the Data Breach*." Carvin has identified you as a person who may have been impacted by the Data Breach.

<u>**What are the Settlement benefits?**</u> The Settlement provides for several types of cash payments, including a reimbursement of up to $80.00 for lost time, and up to $8,500.00 for reimbursement of out-of-pocket costs. All Class Members are also eligible for two years of identity theft and credit monitoring services. You must file a valid, timely claim to receive these benefits.

<u>**How do I receive Settlement benefits?**</u> To receive a payment and credit monitoring services under the Settlement, you **MUST** submit a valid, timely claim. To submit a claim online visit www.[**SETTLEMENT WEBSITE ADDRESS**].com. You may also call [**TOLL FREE NUMBER**] to request that a Claim Form be mailed to you. **Claims must be submitted online or postmarked by [DATE].**

You will be legally bound by the Settlement unless you exclude yourself by **[DATE]**, which means that you will not be able to sue Carvin for the claims in this lawsuit. If you exclude yourself, you

cannot get benefits from this Settlement. If you want to object to the Settlement, you may file an objection by **[DATE].**

Complete information on how to submit a Claim Form, exclude yourself, or object is available at www.[**SETTLEMENT WEBSITE ADDRESS**].com.

**<u>When will the Court decide whether to approve the Settlement?</u>** The Court will hold a hearing on **[DATE]** at the **[ADDRESS]**, to consider whether to approve the Settlement. Class Counsel will also ask the court to approve attorney's fees not to exceed 27.5% of the total Settlement Consideration ($419,375) and reimbursement for the costs of litigation not to exceed $35,000, and a service award of $1,500.00 for each of the five named Plaintiffs. You may attend the hearing at your own cost, but you do not have to.

For more information, call **[TOLL FREE NUMBER]** or visit www.[**SETTLEMENT WEBSITE ADDRESS**].com.

Scan this QR code to visit
www.[**SETTLEMENT WEBSITE ADDRESS**].com



AAprilpiI

# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

**NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT**

**Carvin Wilson Software has identified you as a person whose Personal Information may have been impacted by a data breach incident that occurred on its computer systems between February 22, 2023, and March 9, 2023. You may have already received a Notice of Data Privacy Event about this incident.**

**A proposed Settlement in this case may affect your rights and may entitle you to a cash payment, as well as identity theft and credit monitoring services.**

*A court has authorized this notice. This is not a solicitation from a lawyer. You are not being sued. Please read this notice carefully and completely.*

- A settlement has been reached in a class action lawsuit captioned *Perez, et al. v. Carvin Wilson Software, LLC*, Case No. 2:23-cv-00792 ("Lawsuit") that was filed in the United States District Court for the District of Arizona ("Court") against Carvin Wilson Software, LLC ("Carvin"), which also does business as Carvin Software, LLC. The Lawsuit was filed on behalf of everyone identified by Carvin as having been impacted by a Data Breach that occurred between February 22, 2023, and March 9, 2023.

- Carvin denies any wrongdoing and denies the claims and allegations asserted in the Lawsuit. Carvin further maintains that it has good and meritorious defenses to Plaintiffs' claims and would prevail if the case were to proceed.  The Court has not ruled on whether Carvin did anything wrong. However, the parties have agreed to settle the Lawsuit ("Settlement") to avoid the risks, disruption, and uncertainty of continued litigation.

- You may receive a cash payment and/or identity theft and credit monitoring services if you are a member of the Settlement Class and timely submit a valid Claim Form.

- Your legal rights are affected by whether you act or don't act. **Read this notice carefully**.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| SUBMIT A CLAIM FORM BY [DATE] | This is the only way to receive a cash payment and/or identity theft and credit monitoring services. If you submit a Claim Form, you **will** be bound by the terms of the Settlement. |
| EXCLUDE YOURSELF BY [DATE] | You **will not** receive a cash payment or identity theft and credit monitoring services under the Settlement, and you **will not** be bound by the terms of the Settlement. This is the only option that allows you to ever be part of any other lawsuit against Carvin about the legal claims in this case. |
| OBJECT TO THE SETTLEMENT BY [DATE] | Write to the Court about why you don't like the Settlement. |
| GO TO A HEARING ON [DATE] | Speak in Court about the fairness of the Settlement. |
| DO NOTHING | If you do nothing in connection with this Settlement, you will not receive a cash payment or identity theft and credit monitoring services under the Settlement, but you will be bound by the terms of the Settlement, if approved. |

The Court in charge of this case must still decide whether to grant final approval of the Settlement. Payments will be issued if the Court grants final approval and after appeals, if any, are resolved. Please be patient.

## WHAT THIS NOTICE CONTAINS

Page

**BASIC INFORMATION**

1. Why did I get a notice? ........................................................................................ 3
2. What is this Lawsuit about? ................................................................................. 3
3. Why is this a class action? .................................................................................. 3
4. Why is there a Settlement? ................................................................................. 3

**WHO IS IN THE SETTLEMENT**

5. How do I know if I am part of the Settlement? ................................................... 3

**THE SETTLEMENT BENEFITS**

6. What does the Settlement provide? .................................................................... 3
7. What can I get from the Settlement? .................................................................. 4
8. How can I get the benefits from this Settlement? ............................................... 4
9. When would I get these benefits? ....................................................................... 4
10. What am I giving up if I get benefits under this Settlement? .............................. 4

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

11. How do I get out of the Settlement? ................................................................... 4
12. If I don't exclude myself, can I sue Defendant for the same thing later? ........... 4
13. If I exclude myself, can I get benefits from this Settlement? ............................. 5

**THE LAWYERS REPRESENTING YOU**

14. Do I have a lawyer in this case? ......................................................................... 5
15. How will the lawyers be paid? ............................................................................ 5

**OBJECTING TO THE SETTLEMENT**

16. How do I tell the Court that I don't like the Settlement? .................................... 5
17. What's the difference between objecting and excluding? ................................... 6

**THE COURT'S FINAL APPROVAL HEARING**

18. When and where will the Court decide whether to approve the Settlement? ...... 6
19. Do I have to come to the hearing? ...................................................................... 6
20. May I speak at the hearing? ............................................................................... 6

**IF YOU DO NOTHING**

21. What happens if I do nothing at all? ................................................................... 6

**GETTING MORE INFORMATION**

22. How do I get more information about the Settlement? ........................................ 6

# BASIC INFORMATION

## 1. Why did I get a notice?

The computer system of Carvin was accessed by unknown, unauthorized individuals between February 22, 2023 and March 9, 2023 (the "Data Breach"). During the Data Breach, Personal Information[1] of approximately 189,319 people may have been accessed and compromised. Carvin has identified you as a person who may have been impacted by the Data Breach, and the Court determined that you have a right to know about the proposed Settlement of this class action lawsuit and your options before the Court decides whether to grant final approval of the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the benefits will be distributed to eligible claimants in the way described below.

This notice explains the Lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of this case is the United States District Court for the District of Arizona, and the case is known as *Perez, et al. v. Carvin Wilson Software, LLC*, Case No. 2:23-cv-00792. The people who sued are called the Plaintiffs. Carvin is called the Defendant.

## 2. What is this Lawsuit about?

Plaintiffs allege that Carvin did not maintain proper cybersecurity measures, and is therefore responsible for the Data Breach. Carvin disputes Plaintiffs' allegations and denies that it did anything wrong.  Carvin further maintains that it has good and meritorious defenses to Plaintiffs' and would prevail if the case were to proceed.

## 3. Why is this a class action?

In a class action, one or more people, called Class Representatives (in this case Amanda Perez, Sasha Lipp, James Murray, Michael Halpren, and Elijah Johnson), sue on behalf of people who have similar claims. All of these people are collectively referred to as a Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class. The United States District Court for the District of Arizona oversees this class action.

## 4. Why is there a Settlement?

The Court did not decide in favor of either the Plaintiffs or the Defendant. Instead, after numerous documents were filed and exchanged, both sides agreed to a Settlement. By settling, they avoid the cost and uncertainty of a trial. The Class Representatives and the attorneys think the Settlement is best for everyone. Notwithstanding the Settlement, Carvin continues to deny the allegations of Plaintiffs as well as any wrongdoing.

# WHO IS IN THE SETTLEMENT

## 5. How do I know if I am part of the Settlement?

The Court decided that everyone who fits the following description is a Settlement Class Member:

> All individuals in the United States and its Territories whose Personal Information was identified by Defendant as having been potentially exposed in the Data Breach.

---

[1] "Personal Information" as used herein means an individual's first name or first initial and last name in combination with the individual's social security number and/or financial account information.

## THE SETTLEMENT BENEFITS

### 6. What does the Settlement provide?

Defendant has agreed to establish a settlement fund of $825,000.00 from which settlement benefits will be distributed to Settlement Class Members who timely submit a valid claim. Your benefits will depend on the type of claim you file and the number of Class Members who timely submit valid claims. In addition to the settlement fund, Defendant has agreed to remedial enhancements to its data security practices and systems, the cost of which totals approximately $700,000.00.

Plaintiffs' attorneys will ask the court to approve attorneys' fees and costs of litigation. Up to now, Plaintiffs' attorneys have not been compensated for the time or reimbursed for the expense, of litigating this lawsuit.

### 7. What can I get from the Settlement?

The following benefits are available to Settlement Class members who file a valid, timely claim:

- All Settlement Class Members are eligible to receive two years of identity theft and credit monitoring services.

- All Settlement Class Members are also eligible to receive compensation of $20.00 per hour, up to four hours, for lost time spent remedying issues related to the Data Breach.

- Settlement Class Members who incurred actual, documented out-of-pocket expenses because of the Data Breach are also eligible to receive an additional cash payment up to $8,500.00, depending on the types of expenses they incurred and provided the expenses have not been reimbursed or resolved without payment, the expenses are owed or have been paid by the Settlement Class Member, and the Settlement Class Member made reasonable efforts to avoid or seek reimbursement for the out-of-pocket losses.

You may file a claim to receive some or all of these benefits.

If, after paying out all court approved fees, expenses, and claims, there is sufficient money left over in the settlement fund, all Class Members who filed any type of claim will receive a pro rata share of that remaining money.

If, however, the value of the claims is greater than the settlement fund after court-approved fees and expenses have been paid out, then claims will be paid on a pro rata basis as explained in the Settlement.

Complete information on these benefits and how to receive them can be found on the settlement website at [**SETTLEMENT WEBSITE ADDRESS**].

### 8. How can I get the benefits from this settlement?

To receive the benefits described above you must timely submit a valid claim. You may do this by filling out and submitting the Claim Form online at [**SETTLEMENT WEBSITE ADDRESS**] or downloading the Claim Form and submitting it by mail. You may also call [**TOLL FREE NUMBER**] to request that a Claim Form be mailed to you. If you are submitting a paper Claim Form, make sure that *all* fields are completed, including your full name, mailing address, email address, and contact phone number, and that the attestation is signed and dated.

### 9. When would I get these benefits?

The Court will hold a hearing on [**HEARING DATE**] to decide whether to approve the Settlement. If the Court approves the Settlement, there could be appeals afterward, which will take time to resolve. Please be patient.

### 10. What am I giving up if I get benefits under this Settlement?

Unless you exclude yourself, you are staying in the Settlement Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Defendant related to the legal issues in this case. It also means that you will be bound by the Settlement Agreement and the release therein as well as all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 11. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must submit a Request for Exclusion, which is a written statement clearly stating that you wish to be excluded from the Settlement reached in *Perez, et al. v. Carvin Wilson Software, LLC*, Case No. 2:23-cv-00792, pending in the United States District Court for the District of Arizona. The written statement must include your full name, mailing address, telephone number, and email address, the case name and case number, and must be dated and physically signed. You can't exclude yourself by telephone.

Your written request for exclusion must be mailed and postmarked no later than [EXCLUSION DATE] to:

[P.O. BOX ADDRESS]

You may also email a scanned copy of your written statement to [EMAIL ADDRESS]. You can only exclude yourself. If you ask to be excluded, you should not submit a Claim Form, and you cannot object to the Settlement. If you exclude yourself, you will not be legally bound by anything that happens in this Lawsuit. You may be able to sue, or continue to sue, Defendant over these claims in the future.

### 12. If I don't exclude myself, can I sue Defendant for the same thing later?

No. Unless you exclude yourself, you give up the right to sue Defendant for the claims that this Settlement resolves. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately. You must exclude yourself from this Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is [EXCLUSION DATE].

### 13. If I exclude myself, can I get benefits from this Settlement?

No. If you exclude yourself, you cannot receive any of the benefits of this Settlement. However, you may sue, continue to sue, or be part of a different lawsuit against Defendant.

## THE LAWYERS REPRESENTING YOU

### 14. Do I have a lawyer in this case?

Yes. The Court has appointed A. Brooke Murphy with the Murphy Law Firm, William B. Federman with the law firm of Federman & Sherwood, and Mason A. Barney with the law firm of Siri & Glimstad LLP, as "Class Counsel" to represent you and other Settlement Class Members. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 15. How will the lawyers be paid?

Class Counsel will ask the Court to approve attorneys' fees not to exceed 27.5% of the total Settlement Consideration ($419,375) and expenses not to exceed $35,000. The amount approved by the Court will be paid from the settlement fund. Up to now, Class Counsel have not been compensated for the time, or reimbursed for the expense, of litigating this lawsuit.

Additionally, Class Counsel will ask for a service award of up to $1,500 each for Amanda Perez, Sasha Lipp, James Murray, Michael Halpren, and Elijah Johnson because they are the Plaintiffs who brought this Lawsuit on behalf of all Settlement Class Members. Service awards are commonly granted by the court to recognize the efforts of Plaintiffs in bringing and prosecuting lawsuits on behalf of others.

The cost of administering the Settlement will also be paid from the settlement fund.

## OBJECTING TO THE SETTLEMENT

**16. How do I tell the Court that I don't like the Settlement?**

If you are a Settlement Class Member, you can tell the Court that you don't agree with the Settlement, or some part of it. This is called an "objection." You can give the specific reasons why you think the Court should not approve the Settlement. The Court will consider your views.

To object, you must send a letter stating that you object to the proposed Settlement in *Perez, et al. v. Carvin Wilson Software, LLC,* Case No. 2:23-cv-00792, pending in the United States District Court for the District of Arizona. Be sure to include your full name, mailing address, telephone number and email address (if any), the specific factual and legal reasons for each objection, including whether the objection applies only to you, a specific subset of the Settlement Class, or the entire Settlement Class, a description of any and all evidence the you intends to offer at the Final Approval Hearing, if any, including but not limited to the names, addresses, and expected testimony of any witnesses and all exhibits intended to be introduced at the Final Approval Hearing, the identity of all counsel representing you, a statement whether you and/or your counsel will appear at the Final Approval Hearing, and a list, by case name, court, and docket number, of all other cases in which you and/or your counsel has filed an objection to any proposed class action settlement within the last five (5) years. Additionally, you must provide proof that you are a member of the Settlement Class, as defined above in question 5. If you have an attorney representing you in connection with this objection, provide their name, address, and telephone number, and state whether they intend to appear at the Final Approval Hearing. Make sure to sign and date your objection. The objection must be postmarked no later than **[OBJECTION DATE]**, and sent to each of the following:

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| **[COURT CONTACT INFORMATION]** | Mason A. Barney SIRI & GLIMSTAD LLP 745 Fifth Avenue, Suite 500 New York, New York 10151 A. Brooke Murphy MURPHY LAW FIRM 4116 Will Rogers Pkwy, Suite 700 Oklahoma City, OK 73108 William B. Federman FEDERMAN & SHERWOOD 10205 N. Pennsylvania Ave. Oklahoma City, OK 73120 | William W. Cheney, III FREEMAN MATHIS & GARY, LLP 3 Executive Campus, Suite 350 Cherry Hill, NJ 06002 |

Full instructions on objecting to this Settlement may be found in the Settlement Agreement, available on the Settlement website at [**SETTLEMENT WEBSITE ADDRESS**].

**17. What's the difference between objecting and excluding?**

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

**THE COURT'S FINAL APPROVAL HEARING**

**18. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Final Approval Hearing on [**HEARING DATE**], at [**COURT ADDRESS**]. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Class Counsel, and whether to grant the requests for service awards. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

**19. Do I have to come to the hearing?**

No. Class Counsel will answer questions the Court may have. But you are welcome to come at your own expense if you choose. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**20. May I speak at the hearing?**

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must send a letter stating that it is your "Notice of Intention to Appear in *Perez, et al. v. Carvin Wilson Software, LLC*, Case 2:23-cv-00792." You may include this notice in your written objection. Be sure to include your name, telephone number, and mailing address, and sign and date your letter. Your Notice of Intention to Appear must be postmarked no later than [**OBJECTION DATE**], and be sent to:

[**COURT ADDRESS**]

**IF YOU DO NOTHING**

**21. What happens if I do nothing at all?**

If you do not exclude yourself and do nothing, you will not receive any of the benefits of the Settlement, and will still be bound by the terms of the Settlement and by past and any future Court rulings, including rulings on the Settlement and release.

**GETTING MORE INFORMATION**

**22. How do I get more information about the Settlement?**

This notice summarizes the proposed Settlement. Full details are in the Settlement Agreement and other documents available on the Settlement website at [**SETTLEMENT WEBSITE ADDRESS**]. You may also contact the Settlement Administrator at [**TOLL FREE NUMBER**].

**PLEASE DO NOT WRITE, CALL, OR OTHERWISE CONTACT THE COURT, THE DEFENDANT, OR THE DEFENDANT'S LAWYERS FOR INFORMATION ABOUT THE PROPOSED SETTLEMENT OR THIS LAWSUIT.**

# EXHIBIT E

1

2

3

4

5

6

7

8

9

10

11            **UNITED STATES DISTRICT COURT**
              **FOR THE DISTRICT OF ARIZONA**
12

13   AMANDA PEREZ, et al., individually and          Case No.: 2:23-CV-00792-SMM
14   on behalf of all others similarly situated,
                                                      Consolidated with:
15                 Plaintiff,
                                                      2:23-cv-00808; 2:23-cv-00824; 2:23-cv-
16                                                    00828; 2:23-cv-00845
     v.
17
     CARVIN   WILSON   SOFTWARE,   LLC
18   d/b/a CARVIN SOFTWARE, LLC
19                 Defendant.
20

21           **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR**
22          **PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND**
                                  **NOTICE PLAN**
23

24

25

26

27

28

This matter comes before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Notice Plan ("Motion"). The Court has reviewed the Motion and the Class Action Settlement Agreement and Release ("Agreement") entered into by Plaintiffs and Defendant Carvin Wilson Software, LLC d/b/a Carvin Software, LLC ("Defendant" or "Carvin"), and it finds that the Motion should be **GRANTED**.[1]

1.      The Court does hereby preliminarily and conditionally approve, for settlement purposes only, the following Settlement Class:

> All individuals in the United States and its Territories whose Personal Information was identified by Defendant as having been potentially exposed in the Data Breach, consisting of 189,319 individuals.  Excluded from the Settlement Class are (i) Defendant and its officers, directors, representatives, affiliates, parents, and subsidiaries; (ii) all Settlement Class Members who timely and validly submit a Request for Exclusion; (iii) any judge, justice, or judicial officer presiding over this Action and the members of their immediate families and judicial staff; and (iv) any members or employees of Defendant Counsel or Class Counsel.

2.      The Settlement provides that Carvin will pay $825,000.00 to establish a non-reversionary Settlement Fund that will be used to cover any Settlement Relief, Notice and Administrative Expenses, Taxes and Tax-Related Expenses, Class Counsel's Attorneys' Costs, Fees and Expenses, and any Service Award Payments to Class Representative. The Settlement also requires Carvin to implement and/or maintain certain remedial Business Practice Commitments designed to enhance Carvin's data security, with a total cost of

---

[1] Unless otherwise stated, all capitalized terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

approximately $700,000.00 being incurred by Defendant separate from the Settlement Fund. Accordingly, the total Settlement Consideration is $1,525,000.00.

3.      Subject to the terms and conditions set forth in the Settlement Agreement, the following Settlement Relief is available to Settlement Class Members who submit valid and timely Claim Forms:

       a.  Reimbursement of certain documented Out-of-Pocket Losses incurred as a result of the Data Breach, up to a maximum of $8,500 per person;

       b.  Compensation for lost time spent remedying issues related to the Data Breach at $20 per hour for a maximum of up to $80 per person;

       c.  Two years of credit monitoring and identity theft protection services, with identity restoration insurance;

       d.  *Pro Rata* Cash Payments to valid claimants of any money remaining in the Net Settlement Fund after the payment of Settlement costs and other Settlement benefits.

4.      Based upon information provided and for settlement purposes only: the Settlement Class is ascertainable; it numbers approximately 189,319 individuals, satisfying numerosity; there are common questions of law and fact, including whether Defendant's Data Breach potentially compromised Plaintiffs' and Settlement Class Members' Personal Information, satisfying commonality; the proposed Class Representative's claims are typical, in that they are members of the Settlement Class and allege they received notice from Defendant that their Personal Information was potentially compromised in Defendant's Data Breach, thereby alleging they have been damaged by the same conduct as other Settlement Class Members; the proposed Class Representative and Class Counsel will fully, fairly and adequately protect the interests of the Settlement Class; questions of

law and fact common to members of the Settlement Class predominate over questions affecting only individual members for settlement purposes; and a nationwide class for settlement purposes is superior to other available methods for the fair and efficient adjudication of this controversy.

5.      The Court appoints Amanda Perez, Sasha Lipp, James Murray, Michael Halpren and Elijah Johnson as the Class Representatives of the Settlement Class.

6.      The Court appoints as Class Counsel William Federman of Federman & Sherwood, A. Brooke Murphy of Murphy Law Firm, Mason A. Barney of Siri & Glimstad LLP.

7.      The Court appoints Simpluris as Settlement Administrator.

8.      The Court does hereby preliminarily approve the Settlement, including the notices and releases contained therein as being fair, reasonable, and adequate as to the Settlement Class Members, subject to further consideration at the Final Approval Hearing described below.

9.      A Final Approval Hearing shall be held before the Court on _____, 2024, at ____ am/pm for the following purposes:

> a.  To determine whether the proposed Settlement on the terms and conditions provided for by the Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court;
>
> b.  To determine whether a Final Approval Order, as defined in the Agreement, should be entered;
>
> c.  To determine whether the claims process under the Settlement is fair and reasonable, and it should be approved by the Court;

4

d. To determine whether Plaintiffs' application for Attorneys' Costs, Fees and Expenses, and requested Service Award Payments for the Class Representative, should be approved; and

e. To rule upon such other matters as the Court may deem appropriate.

10. Plaintiffs' Motion for Final Approval shall be filed at least thirty (30) days before the Final Approval Hearing.

11. The Court approves, as to the form and content, the Notices and Claim Form, and finds that the mailing, distribution, and publishing of the various notices in the form and manner set forth in the Settlement Agreement meets the requirements of Fed. R. Civ. P. 23 and due process, and is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled to notice.

12. The Complaint was commenced after February 18, 2005. The Court directs Defendant to timely notify, through the Settlement Administrator, the appropriate Federal and State officials under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 (to the extent this has not already been done). Counsel for Defendant or the Settlement Administrator shall, at or before the Final Approval Hearing, file with the Court proof of compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §1715.

13. The Claim Form submitted by each Settlement Class Member must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the Settlement Agreement.

14. As part of the Claim Form, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the Claim submitted and shall (subject to effectuation of the Settlement) release all Released Claims as provided in the Agreement.

15.     All Settlement Class Members shall be bound by all determinations and judgments in the class action concerning the Settlement, including, but not limited to, the releases provided for in the Agreement, whether favorable or unfavorable, except those who timely and validly requested exclusion from the Settlement Class and have not opted back in. The persons and entities who timely and validly requested exclusion from the Settlement Class will be excluded from the Settlement Class and shall not have rights under the Agreement, shall not be entitled to submit any Claim, and shall not be bound by the Agreement or the Final Approval Order as to Defendant in the Class Action.

16.     Pending final determination of whether the Agreement should be approved, Class Counsel, Plaintiffs, and Settlement Class Members are barred and enjoined from filing, commencing or prosecuting any action asserting any Released Claims against Defendant.

17.     Any Settlement Class Member may enter an appearance, individually or, at their own expense, through counsel of their choice, in which case counsel must file with the Clerk of Court and deliver to Class Counsel and counsel for Defendant a notice of such appearance no later than forty-five (45) days after the Notice Deadline. If they do not enter an appearance, they will be represented by Class Counsel.

18.     Any Settlement Class Member may appear and show cause, if that Settlement Class Member has any reason why the proposed Settlement should not be approved as fair, reasonable, and adequate, or why Class Counsel's application for an award of attorneys' fees and for reimbursement of expenses should not be granted; provided, however, that no person shall be heard or entitled to contest such matters unless that person has filed with

the Clerk of Court of the U.S. District Court for the District of Arizona, and served concurrently upon Class Counsel and Counsel for Defendant, sufficient written objections and copies of all papers and briefs in support of any such objection. Objections must be filed within forty-five (45) days of the Notice Deadline.

19.     Any written objection shall include: (i) the objector's full name, address, telephone number, and email address (if any); (ii) the case name and case number of the Action; (iii) information identifying the objector as a Settlement Class Member, including documentation demonstrating that the objector is within the definition of the Settlement Class; (iv) a written statement of the specific legal and factual basis for each objection, including whether the objection applies only to the objecting person, a specific subset of the Settlement Class, or the entire Settlement Class; (v) a description of any and all evidence the objecting person intends to offer at the Final Approval Hearing, if any, including but not limited to the names, addresses, and expected testimony of any witnesses and all exhibits intended to be introduced at the Final Approval Hearing; (vi) the identity of all counsel representing the objector; (vii) a statement whether the objector and/or their counsel will appear at the Final Approval Hearing; (viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation); and (ix) a list, by case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement within the last five (5) years.

20.     Any person who does not make an objection in the manner provided in this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Agreement, unless otherwise ordered by the Court.

21.     Settlement Class Members may also exclude themselves from this action by mailing a written notice of such intent to the designated Post Office box established by the Settlement Administrator (which shall be identified in the settlement notices). To be effective, the written notice must be timely, signed, and clearly manifest the person's intent to opt-out of the Settlement Class, and including their full name, address, telephone number, and email address. Such notices of a Settlement Class Member's intent to opt-out of the Settlement must be postmarked no later than forty-five (45) days after the Notice Deadline.

22.     This Order, the Agreement, and the Settlement, and any of their terms, whether or not it becomes final, and all negotiations, discussions, and proceedings in connection with this Order, the Agreement, and the Settlement, shall not constitute an admission, adjudication, or evidence of: (a) any violation of any statute or law or of any liability or wrongdoing by Defendants or any of the Released Parties; (b) the truth of any of the claims or allegations alleged in the Action; (c) the incurrence of any damage, loss, or injury by any Settlement Class Member; or (d) the propriety of certification of a class other than solely for the purposes of the Settlement. This Order, the Agreement, and the Settlement, and any of their terms, and all negotiations, discussions and proceedings in connection with this Order, the Agreement and the Settlement shall not be offered or

received in evidence or used for any purpose in this or any other proceeding in any court, administrative agency, arbitration tribunal, or other forum of any kind of character in the United States or any other country except as necessary to enforce the terms of this Order or the Settlement. All rights of the Parties are reserved and retained if the Settlement does not become final in accordance with the terms of the Settlement Agreement.

23.    The Settlement Administrator is directed to provide Notice to the Settlement Class Members, collect, process, review and determine the validity of all Claims, and otherwise perform its duties in accordance with the Agreement.

24.    In addition to the deadlines imposed above, the Settlement Administrator and Parties shall abide by the following timeline:

| **From Date this Order is Entered** | |
| --- | --- |
| Defendant provides the Settlement Class List to the Settlement Administrator | +10 days |
| Notice Deadline | +30 days |
| Defendant pays cost of the Settlement Fund to Settlement Administrator | +45 days |
| Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Awards | +31 days |
| Objection & Exclusion Date | +45 days |
| Claims Deadline | +90 days |
| Class Counsel's Motion for Final Approval of Settlement | +60 days |
| Final Approval Hearing | +120 days or as soon thereafter as practicable |

25.     The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Settlement Class Members and retains jurisdiction to consider all further applications or matters arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Plaintiffs and Defendant, if appropriate, without further notice to the Settlement Class.

**IT IS ORDERED:**

Date: _____

_____
HONORABLE STEPHEN M. MCNAMEE
SENIOR UNITED STATES DISTRICT
COURT JUDGE FOR THE DISTRICT OF
ARIZONA

# EXHIBIT F

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| AMANDA PEREZ, et al., individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>CARVIN WILSON SOFTWARE, LLC d/b/a CARVIN SOFTWARE, LLC<br><br>    Defendant. | Case No.: 2:23-CV-00792-SMM<br><br>Consolidated with:<br><br>2:23-cv-00808; 2:23-cv-00824; 2:23-cv-00828; 2:23-cv-00845 |

**[PROPOSED] ORDER GRANTING FINAL APPROVAL**
**OF CLASS ACTION SETTLEMENT**

This matter comes before the Court on Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement [Doc. ___] and Plaintiffs' Motion for Attorneys' Fees and Litigation Expenses and Plaintiffs' Service Awards [Doc. ___] (collectively, the "Motions"). The Court has reviewed the Motions, and the Settlement Agreement and Release [Doc. ___] ("Settlement Agreement") entered into between Plaintiffs Amanda Perez, Sasha Lipp, James Murray, Michael Halpren and Elijah Johnson, ("Plaintiffs") and Defendant Carvin Wilson Software, LLC d/b/a Carvin Software, LLC ("Defendant" or "Carvin"), and it finds that the Motions should be **GRANTED.** Therefore, it is **ORDERED**:

1.    The Court, for purposes of this Final Judgment, adopts the defined terms as set forth in the Settlement Agreement for any term not otherwise defined herein.

2.    The Court finds that the Settlement Agreement is fair, reasonable, and adequate, as expressed further herein. The Court also finds the Settlement Agreement was entered into in good faith, at arm's length, and without collusion.  The Court approves and directs consummation of the Settlement Agreement.

3.    The Court approves the Release provided in Section 14 of the Settlement Agreement and orders that, as of the Effective Date, the Released Claims will be released by the Releasing Parties as to Released Parties.

4.    The Court has and reserves jurisdiction over the Settlement and this Settlement Agreement, and for purposes of the Settlement and Settlement Agreement, the Court has and reserves jurisdiction over the Parties to the Settlement.

5.    The Court finds that there is no just reason for delay of entry of final judgment with respect to the foregoing.

6.    The Court dismisses with prejudice all claims of the Settlement Class against Carvin in the Action, without costs and fees except as explicitly provided for in the Settlement Agreement.

7.     The Court grants Plaintiffs' Motion for Attorneys' Fees and Litigation Expenses and Plaintiffs' Service Awards [Doc. __]. The Court awards Class Counsel $_____ in attorneys' fees and awards $_____ in reimbursement of litigation expenses, to be paid according to the terms of the Settlement Agreement. This amount of fees and reimbursement of expenses is fair and reasonable. The Court awards each Plaintiff a service award of $1,500, for a total of $7,500.

8.     On _____, the Court entered an Order Granting Preliminary Approval of Class Action Settlement [Doc. __] ("Preliminary Approval Order") that preliminarily approved the Settlement Agreement and established a hearing date to consider the final approval of the Settlement Agreement and Class Counsel's Motion for Attorneys' Fees and Litigation Expenses.

9.     The Court's Preliminary Approval Order approved the Settlement Notices and Claim Form, and the Court found the mailing, distribution, and publishing of the various notices as proposed met the requirements of Fed. R. Civ. P. 23 and due process, and was the best notice practicable under the circumstances, constituting due and sufficient notice to all persons entitled to notice.

10.     The Court finds that the distribution of the Notices has been achieved pursuant to the Preliminary Approval Order and the Settlement Agreement, and that the Notice to Settlement Class Members complied with Fed. R. Civ. P. 23 and due process.

11.     The Court finds Carvin has complied with the requirements of 28 U.S.C. § 1715 regarding the CAFA Notice.

12.     The Court grants final approval to its appointment of Amanda Perez, Sasha Lipp, James Murray, Michael Halpren and Elijah Johnson as the Class Representatives of the Class. The Court finds for settlement purposes that the Class Representatives are similarly situated to absent Settlement Class Members, are typical of the Settlement Class, and are adequate Class Representatives, and that Class Counsel and the Class Representatives have fairly and adequately represented the Settlement Class.

13.     The Court grants final approval to its appointment of Class Counsel as provided in the Preliminary Approval Order, appointing William Federman of Federman & Sherwood, A. Brooke Murphy of Murphy Law Firm, and Mason A. Barney of Siri & Glimstad LLP.

14.     The Court certifies the following Settlement Class for settlement purposes only under Fed. R. Civ. P. 23(a) and 23(b)(3), subject to the Settlement Class exclusions set forth in the Settlement Agreement:

> All individuals in the United States and its Territories whose Personal Information was identified by Defendant as having been potentially exposed in the Data Breach, consisting of 189,319 individuals. Excluded from the Settlement Class are (i) Defendant and its officers, directors, representatives, affiliates, parents, and subsidiaries; (ii) all Settlement Class Members who timely and validly submit a Request for Exclusion; (iii) any judge, justice, or judicial officer presiding over this Action and the members of their immediate families and judicial staff; and (iv) any members or employees of Defendant Counsel or Class Counsel.[1]

15.     The Court finds that the Settlement Class defined above satisfies the requirements of Fed. R. Civ. P. 23(a) and (b)(3) for settlement purposes in that: (a) the Settlement Class of approximately 190,000 individuals is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Class Representatives and Class Counsel have fairly and adequately protected the interests of the Settlement Class, as the Class Representatives has no interests antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over

---

[1] All capitalized terms shall have the same meaning as provided in the Settlement Agreement.

any questions affecting only individual members; and (f) a class action and class settlement are superior to other methods available for a fair and efficient resolution of this controversy.

16.    The Court, having considered the negotiation of, the terms of, and all of the materials submitted concerning the Settlement Agreement; having considered Plaintiffs' and the Settlement Class's likelihood of success both of maintaining this action as a class action and of prevailing on the claims at trial, including the possibility that Carvin could prevail on one or more of its defenses; having considered the range of the Plaintiffs' possible recovery (and that of the Settlement Class) and the complexity, expense, and duration of the Action; and having considered the substance and amount of opposition to the proposed settlement, it is hereby determined that:

a.    Plaintiffs and Class Counsel have adequately represented the proposed Settlement Class;

b.    the terms of the Settlement Agreement were negotiated at arm's length, vigorously advocated by experienced counsel for Plaintiffs and Carvin;

c.    the outcome of the Action was in doubt when the Settlement was reached making the compromise under this Settlement reasonable under the circumstances;

d.    it is possible the proposed Settlement Class could receive more if the Action were to go to trial, but it is also possible that the proposed Settlement Class could receive less (including the possibility of receiving nothing) and/or that Carvin could defeat class certification;

e.    the value of immediate recovery outweighs the possibility of future relief that would likely occur, if at all, only after further protracted litigation and appeals;

f.    the Parties have in good faith determined the Settlement Agreement is in their respective best interests, including both Plaintiff and Class Counsel determining that it is in the best interest of the Settlement Class Members;

g.      the aggregate consideration for the Settlement Class—including the Settlement Fund, which Carvin caused to be funded—is commensurate with the claims asserted and being released as part of the Settlement; and,

h.      the terms of the Settlement Agreement treat the Settlement Class Members equitably relative to each other and fall within the range of settlement terms that would be considered a fair, reasonable, and adequate resolution of the Action.

Therefore, pursuant to Rule 23(e), the terms of the Settlement Agreement are finally approved as fair, reasonable, and adequate as to, and in the best interest of, the Settlement Class and each of the Settlement Class Members. Settlement Class Members who did not opt-out of the Settlement are bound by this Final Approval Order.  The Settlement Agreement and its terms shall be binding on the Releasing Parties and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings as to Released Claims and waivers applicable thereto, even if such Releasing Party never received actual notice of the Action or the Settlement.  The Releasing Parties are barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction against Carvin or any of the Released Parties based on the Released Claims.

17.      The Court approves the distribution and allocation of the Settlement Fund under the Settlement Agreement pursuant to the terms of the Settlement Agreement.

18.      This Final Approval Order, and all statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Carvin of any claim, any fact alleged in the Action, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Carvin or of the validity or certifiability for this Litigation or other litigation of any claims or class that have been, or could have been, asserted in the Action.

19.     This Final Approval Order, and all statements, documents or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing by Carvin, or that Plaintiffs, any Class Member, or any other person has suffered any damage due to the Data Breach.  Notwithstanding the above, the Settlement Agreement and this Final Approval Order may be filed in any action by Carvin, Class Counsel, or Class Members seeking to enforce the Settlement Agreement or the Final Approval Order.

20.     The Settlement Agreement and Final Approval Order shall not be construed or admissible as an admission by Carvin that Plaintiffs' claims or any similar claims are suitable for class treatment.

IT IS SO ORDERED this ___ day of _____, 2024.

_____

HONORABLE STEPHEN M. MCNAMEE
SENIOR UNITED STATES DISTRICT
COURT JUDGE FOR THE DISTRICT OF
ARIZONA