# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amanda Perez, et al., | No. CV-23-00792-PHX-SMM |
| Plaintiffs, | **ORDER** |
| v. | |
| Carvin Wilson Software LLC, | |
| Defendant. | |

This matter comes before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Notice Plan ("Motion"). The Court has reviewed the Motion and the Class Action Settlement Agreement and Release ("Agreement") entered into by Plaintiffs and Defendant Carvin Wilson Software, LLC d/b/a Carvin Software, LLC ("Defendant" or "Carvin"), and it finds that the Motion should be **GRANTED**.[1]

1. The Court does hereby preliminarily and conditionally approve, for settlement purposes only, the following Settlement Class:

> All individuals in the United States and its Territories whose Personal Information was identified by Defendant as having been potentially exposed in the Data Breach, consisting of 189,319 individuals. Excluded from the Settlement Class are (i) Defendant and its officers, directors, representatives, affiliates, parents, and subsidiaries; (ii) all Settlement Class

---

[1] Unless otherwise stated, all capitalized terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

Members who timely and validly submit a Request for Exclusion; (iii) any judge, justice, or judicial officer presiding over this Action and the members of their immediate families and judicial staff; and (iv) any members or employees of Defendant Counsel or Class Counsel.

2. The Settlement provides that Carvin will pay $825,000.00 to establish a non-reversionary Settlement Fund that will be used to cover any Settlement Relief, Notice and Administrative Expenses, Taxes and Tax-Related Expenses, Class Counsel's Attorneys' Costs, Fees and Expenses, and any Service Award Payments to Class Representative. The Settlement also requires Carvin to implement and/or maintain certain remedial Business Practice Commitments designed to enhance Carvin's data security, with a total cost of approximately $700,000.00 being incurred by Defendant separate from the Settlement Fund. Accordingly, the total Settlement Consideration is $1,525,000.00.

3. Subject to the terms and conditions set forth in the Settlement Agreement, the following Settlement Relief is available to Settlement Class Members who submit valid and timely Claim Forms:

    a. Reimbursement of certain documented Out-of-Pocket Losses incurred as a result of the Data Breach, up to a maximum of $8,500 per person;

    b. Compensation for lost time spent remedying issues related to the Data Breach at $20 per hour for a maximum of up to $80 per person;

    c. Two years of credit monitoring and identity theft protection services, with identity restoration insurance;

    d. *Pro Rata* Cash Payments to valid claimants of any money remaining in the Net Settlement Fund after the payment of Settlement costs and other Settlement benefits.

4. Based upon information provided and for settlement purposes only: the Settlement Class is ascertainable; it numbers approximately 189,319 individuals, satisfying numerosity; there are common questions of law and fact, including whether

Defendant's Data Breach potentially compromised Plaintiffs' and Settlement Class Members' Personal Information, satisfying commonality; the proposed Class Representative's claims are typical, in that they are members of the Settlement Class and allege they received notice from Defendant that their Personal Information was potentially compromised in Defendant's Data Breach, thereby alleging they have been damaged by the same conduct as other Settlement Class Members; the proposed Class Representative and Class Counsel will fully, fairly and adequately protect the interests of the Settlement Class; questions of law and fact common to members of the Settlement Class predominate over questions affecting only individual members for settlement purposes; and a nationwide class for settlement purposes is superior to other available methods for the fair and efficient adjudication of this controversy.

5. The Court appoints Amanda Perez, Sasha Lipp, James Murray, Michael Halpren and Elijah Johnson as the Class Representatives of the Settlement Class.

6. The Court appoints as Class Counsel William Federman of Federman & Sherwood, A. Brooke Murphy of Murphy Law Firm, Mason A. Barney of Siri & Glimstad LLP.

7. The Court appoints Simpluris as Settlement Administrator.

8. The Court does hereby preliminarily approve the Settlement, including the notices and releases contained therein as being fair, reasonable, and adequate as to the Settlement Class Members, subject to further consideration at the Final Approval Hearing described below.

9. A Final Approval Hearing shall be held before the Court on <u>Wednesday, September 25, 2024 at 11:00 AM</u> before the Honorable Stephen M. McNamee in Courtroom #401 of the Sandra Day O'Connor U.S. Courthouse, 401 W. Washington Street, Phoenix, AZ, 85003 for the following purposes:

    a. To determine whether the proposed Settlement on the terms and conditions provided for by the Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court;

    b. To determine whether a Final Approval Order, as defined in the Agreement, should be entered;

    c. To determine whether the claims process under the Settlement is fair and reasonable, and it should be approved by the Court;

    d. To determine whether Plaintiffs' application for Attorneys' Costs, Fees and Expenses, and requested Service Award Payments for the Class Representative, should be approved; and

    e. To rule upon such other matters as the Court may deem appropriate.

10. Plaintiffs' Motion for Final Approval shall be filed at least thirty (30) days before the Final Approval Hearing.

11. The Court approves, as to the form and content, the Notices and Claim Form, and finds that the mailing, distribution, and publishing of the various notices in the form and manner set forth in the Settlement Agreement meets the requirements of Fed. R. Civ. P. 23 and due process, and is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled to notice.

12. The Complaint was commenced after February 18, 2005. The Court directs Defendant to timely notify, through the Settlement Administrator, the appropriate Federal and State officials under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 (to the extent this has not already been done). Counsel for Defendant or the Settlement Administrator shall, at or before the Final Approval Hearing, file with the Court proof of compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §1715.

13. The Claim Form submitted by each Settlement Class Member must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the Settlement Agreement.

14. As part of the Claim Form, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the Claim submitted and shall (subject to effectuation of the Settlement) release all Released Claims as provided in the Agreement.

15. All Settlement Class Members shall be bound by all determinations and judgments in the class action concerning the Settlement, including, but not limited to, the releases provided for in the Agreement, whether favorable or unfavorable, except those who timely and validly requested exclusion from the Settlement Class and have not opted back in. The persons and entities who timely and validly requested exclusion from the Settlement Class will be excluded from the Settlement Class and shall not have rights under the Agreement, shall not be entitled to submit any Claim, and shall not be bound by the Agreement or the Final Approval Order as to Defendant in the Class Action.

16. Pending final determination of whether the Agreement should be approved, Class Counsel, Plaintiffs, and Settlement Class Members are barred and enjoined from filing, commencing or prosecuting any action asserting any Released Claims against Defendant.

17. Any Settlement Class Member may enter an appearance, individually or, at their own expense, through counsel of their choice, in which case counsel must file with the Clerk of Court and deliver to Class Counsel and counsel for Defendant a notice of such appearance no later than forty-five (45) days after the Notice Deadline. If they do not enter an appearance, they will be represented by Class Counsel.

18. Any Settlement Class Member may appear and show cause, if that Settlement Class Member has any reason why the proposed Settlement should not be approved as fair, reasonable, and adequate, or why Class Counsel's application for an award of attorneys' fees and for reimbursement of expenses should not be granted; provided, however, that no person shall be heard or entitled to contest such matters unless that person has filed with the Clerk of Court of the U.S. District Court for the District of Arizona, and served concurrently upon Class Counsel and Counsel for Defendant, sufficient written objections and copies of all papers and briefs in support of any such objection. Objections must be filed within forty-five (45) days of the Notice Deadline.

19. Any written objection shall include: (i) the objector's full name, address, telephone number, and email address (if any); (ii) the case name and case number of the

Action; (iii) information identifying the objector as a Settlement Class Member, including documentation demonstrating that the objector is within the definition of the Settlement Class; (iv) a written statement of the specific legal and factual basis for each objection, including whether the objection applies only to the objecting person, a specific subset of the Settlement Class, or the entire Settlement Class; (v) a description of any and all evidence the objecting person intends to offer at the Final Approval Hearing, if any, including but not limited to the names, addresses, and expected testimony of any witnesses and all exhibits intended to be introduced at the Final Approval Hearing; (vi) the identity of all counsel representing the objector; (vii) a statement whether the objector and/or their counsel will appear at the Final Approval Hearing; (viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation); and (ix) a list, by case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement within the last five (5) years.

20. Any person who does not make an objection in the manner provided in this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Agreement, unless otherwise ordered by the Court.

21. Settlement Class Members may also exclude themselves from this action by mailing a written notice of such intent to the designated Post Office box established by the Settlement Administrator (which shall be identified in the settlement notices). To be effective, the written notice must be timely, signed, and clearly manifest the person's intent to opt-out of the Settlement Class, and including their full name, address, telephone number, and email address. Such notices of a Settlement Class Member's intent to opt-out of the Settlement must be postmarked no later than forty-five (45) days after the Notice Deadline.

22. This Order, the Agreement, and the Settlement, and any of their terms, whether or not it becomes final, and all negotiations, discussions, and proceedings in connection with this Order, the Agreement, and the Settlement, shall not constitute an admission, adjudication, or evidence of: (a) any violation of any statute or law or of any liability or wrongdoing by Defendants or any of the Released Parties; (b) the truth of any of the claims or allegations alleged in the Action; (c) the incurrence of any damage, loss, or injury by any Settlement Class Member; or (d) the propriety of certification of a class other than solely for the purposes of the Settlement. This Order, the Agreement, and the Settlement, and any of their terms, and all negotiations, discussions and proceedings in connection with this Order, the Agreement and the Settlement shall not be offered or received in evidence or used for any purpose in this or any other proceeding in any court, administrative agency, arbitration tribunal, or other forum of any kind of character in the United States or any other country except as necessary to enforce the terms of this Order or the Settlement. All rights of the Parties are reserved and retained if the Settlement does not become final in accordance with the terms of the Settlement Agreement.

23. The Settlement Administrator is directed to provide Notice to the Settlement Class Members, collect, process, review and determine the validity of all Claims, and otherwise perform its duties in accordance with the Agreement.

24. In addition to the deadlines imposed above, the Settlement Administrator and Parties shall abide by the following timeline:

///
///
///
///
///
///
///
///

| **From Date this Order is Entered** | |
|---|---|
| Defendant provides the Settlement Class List to the Settlement Administrator | Friday, June 7, 2024 |
| Notice Deadline | Friday, June 28, 2024 |
| Defendant pays cost of the Settlement Fund to Settlement Administrator | Friday, July 12, 2024 |
| Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Awards | Friday, July 12, 2024 |
| Objection & Exclusion Date | Friday, August 16, 2024 |
| Claims Deadline | Friday, August 30, 2024 |
| Class Counsel's Motion for Final Approval of Settlement | Friday, August 23, 2024 |
| Final Approval Hearing | Wednesday, September 25, 2024 |

25. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Settlement Class Members and retains jurisdiction to consider all further applications or matters arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Plaintiffs and Defendant, if appropriate, without further notice to the Settlement Class.

Dated this 30th day of May, 2024.

_____
Honorable Stephen M. McNamee
Senior United States District Judge