IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amanda Perez, et al., | No. CV-23-00792-PHX-SMM |
| Plaintiffs, | **ORDER** |
| v. | |
| Carvin Wilson Software LLC, | |
| Defendant. | |

This matter comes before the Court on Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (Doc. 50) and Plaintiffs' Motion for Attorneys' Fees and Litigation Expenses and Plaintiffs' Service Awards (Doc. 48) (collectively, the "Motions"). The Court has reviewed the Motions, and the Settlement Agreement and Release (Doc. 37-1) ("Settlement Agreement") entered into between Plaintiffs Amanda Perez, Sasha Lipp, James Murray, Michael Halpren and Elijah Johnson, ("Plaintiffs") and Defendant Carvin Wilson Software, LLC d/b/a Carvin Software, LLC ("Defendant" or "Carvin"), and it finds that the Motions should be **GRANTED.** Therefore, it is **ORDERED**:

1. The Court, for purposes of this Final Judgment, adopts the defined terms as set forth in the Settlement Agreement for any term not otherwise defined herein.

2. The Court finds that the Settlement Agreement is fair, reasonable, and adequate, as expressed further herein. The Court also finds the Settlement Agreement was

entered into in good faith, at arm's length, and without collusion.  The Court approves and directs consummation of the Settlement Agreement.

3. The Court approves the Release provided in Section 14 of the Settlement Agreement and orders that, as of the Effective Date, the Released Claims will be released by the Releasing Parties as to Released Parties.

4. The Court has and reserves jurisdiction over the Settlement and this Settlement Agreement, and for purposes of the Settlement and Settlement Agreement, the Court has and reserves jurisdiction over the Parties to the Settlement.

5. The Court finds that there is no just reason for delay of entry of final judgment with respect to the foregoing.

6. The Court **dismisses with prejudice** all claims of the Settlement Class against Carvin in the Action, without costs and fees except as explicitly provided for in the Settlement Agreement.

7. The Court **grants** Plaintiffs' Motion for Attorneys' Fees and Litigation Expenses and Plaintiffs' Service Awards (Doc. 48). The Court awards Class Counsel $358,375, in attorneys' fees and awards $8,867.85 in reimbursement of litigation expenses, to be paid according to the terms of the Settlement Agreement. This amount of fees and reimbursement of expenses is fair and reasonable. The Court also awards each Plaintiff a service award of $1,500, for a total of $7,500.

8. On May 30, 2024, the Court entered an Order Granting Preliminary Approval of Class Action Settlement (Doc. 47) ("Preliminary Approval Order") that preliminarily approved the Settlement Agreement and established a hearing date to consider the final approval of the Settlement Agreement and Class Counsel's Motion for Attorneys' Fees and Litigation Expenses.

9. The Court's Preliminary Approval Order approved the Settlement Notices and Claim Form, and the Court found the mailing, distribution, and publishing of the various notices as proposed met the requirements of Fed. R. Civ. P. 23 and due process,

and was the best notice practicable under the circumstances, constituting due and sufficient notice to all persons entitled to notice.

10. The Court finds that the distribution of the Notices has been achieved pursuant to the Preliminary Approval Order and the Settlement Agreement, and that the Notice to Settlement Class Members complied with Fed. R. Civ. P. 23 and due process.

11. The Court finds Carvin has complied with the requirements of 28 U.S.C. § 1715 regarding the CAFA Notice.

12. The Court grants final approval to its appointment of Amanda Perez, Sasha Lipp, James Murray, Michael Halpren and Elijah Johnson as the Class Representatives of the Class. The Court finds for settlement purposes that the Class Representatives are similarly situated to absent Settlement Class Members, are typical of the Settlement Class, and are adequate Class Representatives, and that Class Counsel and the Class Representatives have fairly and adequately represented the Settlement Class.

13. The Court grants final approval to its appointment of Class Counsel as provided in the Preliminary Approval Order, appointing William Federman of Federman & Sherwood, A. Brooke Murphy of Murphy Law Firm, and Mason A. Barney of Siri & Glimstad LLP.

14. The Court certifies the following Settlement Class for settlement purposes only under Fed. R. Civ. P. 23(a) and 23(b)(3), subject to the Settlement Class exclusions set forth in the Settlement Agreement:

> All individuals in the United States and its Territories whose Personal Information was identified by Defendant as having been potentially exposed in the Data Breach, consisting of 189,319 individuals. Excluded from the Settlement Class are (i) Defendant and its officers, directors, representatives, affiliates, parents, and subsidiaries; (ii) all Settlement Class Members who timely and validly submit a Request for Exclusion; (iii) any judge, justice, or judicial officer presiding over this Action and the

members of their immediate families and judicial staff; and (iv) any members or employees of Defendant Counsel or Class Counsel.[1]

15. The Court finds that the Settlement Class defined above satisfies the requirements of Fed. R. Civ. P. 23(a) and (b)(3) for settlement purposes in that: (a) the Settlement Class of approximately 190,000 individuals is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Class Representatives and Class Counsel have fairly and adequately protected the interests of the Settlement Class, as the Class Representatives has no interests antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement are superior to other methods available for a fair and efficient resolution of this controversy.

16. The Court, having considered the negotiation of, the terms of, and all of the materials submitted concerning the Settlement Agreement; having considered Plaintiffs' and the Settlement Class's likelihood of success both of maintaining this action as a class action and of prevailing on the claims at trial, including the possibility that Carvin could prevail on one or more of its defenses; having considered the range of the Plaintiffs' possible recovery (and that of the Settlement Class) and the complexity, expense, and duration of the Action; and having considered the substance and amount of opposition to the proposed settlement, it is hereby determined that:

    a. Plaintiffs and Class Counsel have adequately represented the proposed Settlement Class;

---

[1] All capitalized terms shall have the same meaning as provided in the Settlement Agreement.

- 4 -

    b.    the terms of the Settlement Agreement were negotiated at arm's length, vigorously advocated by experienced counsel for Plaintiffs and Carvin;

    c.    the outcome of the Action was in doubt when the Settlement was reached making the compromise under this Settlement reasonable under the circumstances;

    d.    it is possible the proposed Settlement Class could receive more if the Action were to go to trial, but it is also possible that the proposed Settlement Class could receive less (including the possibility of receiving nothing) and/or that Carvin could defeat class certification;

    e.    the value of immediate recovery outweighs the possibility of future relief that would likely occur, if at all, only after further protracted litigation and appeals;

    f.    the Parties have in good faith determined the Settlement Agreement is in their respective best interests, including both Plaintiff and Class Counsel determining that it is in the best interest of the Settlement Class Members;

    g.    the aggregate consideration for the Settlement Class—including the Settlement Fund, which Carvin caused to be funded—is commensurate with the claims asserted and being released as part of the Settlement; and,

    h.    the terms of the Settlement Agreement treat the Settlement Class Members equitably relative to each other and fall within the range of settlement terms that would be considered a fair, reasonable, and adequate resolution of the Action.

Therefore, pursuant to Rule 23(e), the terms of the Settlement Agreement are finally approved as fair, reasonable, and adequate as to, and in the best interest of, the Settlement Class and each of the Settlement Class Members. Settlement Class Members who did not opt-out of the Settlement are bound by this Final Approval Order. The Settlement Agreement and its terms shall be binding on the Releasing Parties and have *res judicata*

and preclusive effect in all pending and future lawsuits or other proceedings as to Released Claims and waivers applicable thereto, even if such Releasing Party never received actual notice of the Action or the Settlement. The Releasing Parties are barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction against Carvin or any of the Released Parties based on the Released Claims.

17. The Court approves the distribution and allocation of the Settlement Fund under the Settlement Agreement pursuant to the terms of the Settlement Agreement.

18. This Final Approval Order, and all statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Carvin of any claim, any fact alleged in the Action, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Carvin or of the validity or certifiability for this Litigation or other litigation of any claims or class that have been, or could have been, asserted in the Action.

19. This Final Approval Order, and all statements, documents or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing by Carvin, or that Plaintiffs, any Class Member, or any other person has suffered any damage due to the Data Breach. Notwithstanding the above, the Settlement Agreement and this Final Approval Order may be filed in any action by Carvin, Class Counsel, or Class Members seeking to enforce the Settlement Agreement or the Final Approval Order.

///

///

///

20. The Settlement Agreement and Final Approval Order shall not be construed or admissible as an admission by Carvin that Plaintiffs' claims or any similar claims are suitable for class treatment.

21. This matter is hereby **dismissed with prejudice** and without costs except as provided in the Settlement Agreement. The Clerk of Court is directed to close this case.

Dated this 1st day of October, 2024.

_____
Honorable Stephen M. McNamee
Senior United States District Judge